[Cite as *State v. Rice*, 2011-Ohio-1929.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95100**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GLEN RICE

DEFENDANT-APPELLANT

**JUDGMENT:**
**JUDGMENT REVERSED, SENTENCE MODIFIED,**
**AND REMANDED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-428929

**BEFORE:** Jones, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 21, 2011

FOR APPELLANT

Glen Rice, Pro se
Inmate No. 442-730
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030-8000


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}  Defendant-appellant, Glen Rice ("Rice"), appeals the trial court's denial of his "motion to vacate void judgment."  For the reasons that follow, we reverse and remand the case for the limited purpose of imposing postrelease control.

{¶ 2}  In 2002, a jury convicted Rice of five counts of rape.  The trial court sentenced him to five consecutive sentences of ten years to life in prison and classified him a sexual predator.  We affirmed his conviction on appeal and denied his subsequent application to

reopen his appeal. See *State v. Rice*, Cuyahoga App. No. 82547, 2003-Ohio-6947 and 2003-Ohio-3393, respectively.

{¶ 3} In April 2010, Rice filed a "motion to vacate void judgment," arguing that the trial court erred when it failed to properly impose postrelease control at his sentencing hearing. The trial court denied the motion. Rice filed this pro se appeal, raising the following two assignments of error, which will be combined for review:

"I. The trial court erred to the prejudice of appellant by denying his motion to vacate void judgment where the court failed to properly inform appellant of [postrelease] control, consequently depriving him of his constitutional right to equal protection under the 14th Amendment.

"II. Because a sentence that does not conform to statutory mandates requiring the imposition of [postrelease] control is a nullity and void, it must be vacated. Failure to do so violates appellant's constitutional right to equal protection of the law."

{¶ 4} Postrelease control is a "'period of supervision by the adult parol authority after a prisoner's release from imprisonment[.]'" *Woods v. Telb*, 89 Ohio St.3d 504, 509, 2000-Ohio-171, 733 N.E.2d 1103, quoting R.C. 2967.01(N). The trial court must inform a defendant at his sentencing hearing that postrelease control is a part of his sentence. Id. at 513.

{¶ 5} "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d

92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph one of the syllabus. But the new sentencing hearing to which an offender is entitled is now limited to proper imposition of postrelease control. Id. at paragraph two of the syllabus, modifying the court's opinion in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.

{¶ 6} Rice argues that the trial court's alleged failure to advise him of postrelease control at his sentencing hearing renders his sentence void and he must be resentenced. First, we note that we are unable to determine whether the trial court properly sentenced Rice to a mandatory five years of postrelease control at the sentencing hearing because Rice did not file a transcript of that hearing. In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the lower court's decision. See App.R. 9(B) and *State v. Gray* (1993), 85 Ohio App.3d 165, 170, 619 N.E.2d 460. Failure to file the transcript prevents an appellate court from reviewing an appellant's assignments of error. *State v. Turner*, Cuyahoga App. No. 91695, 2008-Ohio-6648, appeal not allowed by 121 Ohio St.3d 1476, 2009-Ohio-2045, 905 N.E.2d 655, citing *Szitasi v. Sobe* (Apr. 27, 2000), Cuyahoga App. No. 75632. Thus, absent a transcript or alternative record under App.R. 9(C) or 9(D), we must presume regularity in the proceedings below. See *State v. Tate*, Cuyahoga App. No. 93936, 2010-Ohio-2357.

{¶ 7} Since Rice did not file a transcript of the proceedings below, which is necessary for our determination of the issue at bar, his argument that the trial court failed to provide proper notice of postrelease control during the sentencing hearing is without merit.

{¶ 8}  Our analysis does not end there, however, because Rice also claims that the trial court failed to incorporate notice of his postrelease control obligations into its journal entry imposing sentence.  This portion of his argument has merit.  In the sentencing journal entry, the trial court stated "postrelease control is a part of this prison sentence for the maximum period allowed for the above felony under R.C. 2967.28."  Rice argues that the trial court was required to state in its journal entry that he was obligated to serve five years of postrelease control.[1]  While strict adherence to the rules is preferred, we have held that simply stating in a journal entry that a defendant is subject to the "maximum period allowed for the above felony under R.C. 2967.28," is sufficient.  See *State v. Bailey*, Cuyahoga App. No. 93994, 2010-Ohio-1874.  That being said, the trial court did fail to state in the entry that an additional term of incarceration could be imposed if Rice violated the terms of postrelease control.  If a court imposes a prison sentence that includes a term of postrelease control, the court must notify the offender, both at the sentencing hearing and in its journal entry, that the parole board could impose a prison term if the offender violates the terms and conditions of postrelease control.  R.C. 2929.191(B)(1).  Again, we presume regularity of the sentencing hearing because there is no transcript for our review.  But the trial court failed to state in its journal entry that an additional term of incarceration could be imposed if Rice violated the terms of postrelease control; that failure amounts to reversible error.  See *State v. Nicholson*, Cuyahoga

---

[1]  R.C. 2967.28(B)(1) mandates that Rice is subject to a five-year period of postrelease control for his rape convictions, which are felonies of the first-degree.

App. No. 95327, 2011-Ohio-14; *State v. James*, Cuyahoga App. No. 94400, 2010-Ohio-5361, ¶25; *State v. Hairston*, Cuyahoga App. No. 94112, 2010-Ohio-4014; *State v. Holloway*, Cuyahoga App. No. 93809, 2010-Ohio-3315.

{¶ 9} But Rice is not entitled to a de novo resentencing. In *Fischer*, the Ohio Supreme Court recognized that appellate courts do not have to remand a sentence that includes an improper imposition of postrelease control. Id. at ¶29. Instead, the Court acknowledged that an appellate court's discretion to correct "a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." Id. Indeed, the Court explained, "[c]orrecting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence [,]" in cases where "a trial judge does not impose postrelease control in accordance with statutorily mandated terms." Id. at ¶ 30; see, also, *State v. Christinger*, Cuyahoga App. No. 94632, 2011-Ohio-458.

{¶ 10} Accordingly, under R.C. 2953.08(G)(2), we correct Rice's sentence to include that he could be subject to further incarceration if he violates the terms and conditions of his postrelease control.

{¶ 11} Judgment reversed, sentence is modified, and case remanded. Upon remand, the trial court is instructed to correct the sentencing entry to reflect that Rice could be subject to further incarceration if he violates the terms and conditions of his postrelease control.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES,   JUDGE

PATRICIA A. BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR