[Cite as *State v. Middleton*, 2013-Ohio-5591.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99979**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAMES MIDDLETON

DEFENDANT-APPELLANT

## JUDGMENT:
## VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-397022

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEY FOR APPELLANT**

James Middleton, pro se
2047 Rossmoor Rd.
Cleveland Heights, OH 44118-2514


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Daniel T. Van
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} In this accelerated appeal, James Middleton appeals from the denial of his motion to terminate postrelease control. Finding merit to the instant appeal, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶2} Middleton pleaded guilty in the midst of a jury trial to a reduced charge of voluntary manslaughter, a first-degree felony. The trial court accepted the plea and immediately sentenced Middleton to nine years in prison. The court's journal entry provided that "post release control is part of this prison sentence for the maximum period allowed for the above felony under R.C. 2967.28."

{¶3} After completing his prison sentence, Middleton filed a motion to terminate postrelease control. Middleton argued that because the trial court did not specifically inform him that he would be subjected to a five-year mandatory term of postrelease control, that portion of his sentence was void. Further, as Middleton had completed his prison sentence for the underlying charge, the court was without authority to re-impose postrelease control. Thus, Middleton argued, the trial court should terminate his postrelease control. The state opposed Middleton's motion and the trial court denied the motion.

{¶4} Middleton appeals, raising the following assignment of error:

The trial court erred when it denied the Appellant's motion to terminate his post release control pursuant to the void imposition.

{¶5} "The failure to properly notify a defendant of postrelease control and to

incorporate that notice into the court's sentencing entry renders the sentence void." *State v. Cash*, 8th Dist. Cuyahoga No. 95158, 2011-Ohio-938, ¶ 7. The sole issue before this court is whether the 2001 sentencing entry is void for referencing the postrelease control statute, R.C. 2967.28, to establish notice of the duration, rather than being more specific and stating the five-year term of postrelease control.

{¶6} The Supreme Court of Ohio requires a trial court to give notice of postrelease control both at the sentencing hearing and by incorporating it into the sentencing entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. This court follows that requirement. In *State v. Rice*, 8th Dist. Cuyahoga No. 95100, 2011-Ohio-1929, this court found the trial court committed reversible error by failing to state in its sentencing journal entry that an additional term of incarceration could be imposed if the defendant violated the terms of postrelease control. *Id.* In *State v. Nicholson*, 8th Dist. Cuyahoga No. 95327, 2011-Ohio-14, the court's journal entry included the language that the defendant was required to serve a five-year period of postrelease control, but failed to include what repercussions would follow a postrelease control violation. This court determined that the trial court "must notify the offender, both at the sentencing hearing and in its journal entry, that the parole board could impose a prison term if the offender violates the terms and conditions of postrelease control." *Id.,* citing R.C. 2929.191(B)(1).

{¶7} In *Cash*, this court stated that "the failure to properly notify a defendant of postrelease control and to incorporate that notice into the court's sentencing entry

renders the sentence void." In *Cash*, the court sentenced the defendant to a term of imprisonment that included postrelease control. Following his release from prison, the defendant failed to comply with the terms of postrelease control and the state charged him with escape. The defendant pleaded guilty and was sentenced to prison. The trial court later granted Cash's motion to withdraw his plea and dismissed the indictment. The trial court stated that the defendant's escape indictment was premised on an invalid postrelease control that does not comply with the statutory mandates regarding the imposition of postrelease control.

{¶8} This court affirmed the trial court's ruling, holding that the trial court failed to notify the defendant of the specific terms of postrelease control. In particular, this court found that the trial court's failure to properly advise the defendant of postrelease control "renders his sentence void, i.e., as if it never occurred." *Id.*

{¶9} We note that in the instant case, Middleton never submitted the trial transcript from his sentencing hearing. It is well settled that we must presume regularity of proceedings. *State v. Brown*, 8th Dist. Cuyahoga No. 95086, 2011-Ohio-345. However, even if we were to accept that the sentencing court properly notified Middleton orally of the specific terms of his postrelease control, the 2001 sentencing entry, which fails to list the consequences for violating postrelease control, is still void in light of this court's *Rice, Nicholson* and *Cash* decisions.

{¶10} The trial court's imposition of postrelease control in 2001 is void. Because Middleton has completed his term of imprisonment, the trial court is without

recourse to correctly resentence Middleton to postrelease control.

{¶11} Lastly, the state claims that because Middleton agreed at his sentencing not to appeal or to file for any sentencing reconsiderations, Middleton's appeal should be overruled. However, a defendant cannot waive a right to appeal a sentence that is contrary to law.

{¶12} A defendant's right to appeal a sentence is based on specific grounds stated in R.C. 2953.08(A):

> In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
>
> * * *
>
> (4) The sentence is contrary to law.

Subsection (D)(1) provides an exception to the defendant's ability to appeal.

{¶13} A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

> In other words, a sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence.

*State v. Underwood*, 124 Ohio St.3d 365, 368, 2010-Ohio-1, 922 N.E.2d 923.

{¶14} In *Underwood*, the court defined a sentence "authorized by law" to mean

more than whether the sentence falls within the statutory range for the offense.

> We do not agree with such a narrow interpretation of "authorized by law." Adopting this reasoning would mean that jointly recommended sentences imposed within the statutory range but missing mandatory provisions, such as postrelease control (R.C. 2929.19(B)(3)(c)) or consecutive sentences (R.C. 2929.14(D) and (E)), would be unreviewable. Our recent cases illustrate that sentences that do not comport with mandatory provisions are subject to total resentencing. *See*, *e.g*., *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 11. Nor can agreement to such sentences insulate them from appellate review, for they are not authorized by law. We hold that a sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 27 ("Every judge has a duty to impose lawful sentences").

**{¶15}** Accordingly, because Middleton's argument is premised on a void sentencing entry and contrary to the requirements of R.C. 2929.13(B)(3), Middleton cannot waive his right to appeal his sentence. Middleton's sole assignment of error is sustained.

**{¶16}** The judgment of the trial court is reversed and the matter is remanded with instructions to release Middleton from further postrelease control supervision.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR