[Cite as *State v. Elliott*, 2014-Ohio-2062.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100404

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LONNIE ELLIOTT

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573389

**BEFORE:** Stewart, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 15, 2014

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street, 2d Floor
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Joseph J. Ricotta
            Daniel T. Van
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

**{¶1}** In December 2006, defendant-appellant Lonnie Elliott pleaded guilty to a single count of aggravated robbery. The court sentenced Elliott to a total of six years in prison. At sentencing, the court informed him that he would be subject to a five-year period of postrelease control upon his release from prison and that a violation of postrelease control could result in his return to prison for up to one-half of the time he was receiving. The sentencing entry journalized by the court noted the five-year term of postrelease control, but failed to state anything relating to the consequences of violating postrelease control.

**{¶2}** Elliott completed his prison term and, while on postrelease control, failed to report to his probation officer. The state charged him with a single count of escape under R.C. 2921.34(A)(3). Elliott filed a motion to dismiss the escape count on the ground that the court's failure to journalize the consequences of violating postrelease control (as opposed to verbally informing him) voided postrelease control, thus making the charge of escape a nullity. At the same time, he filed a motion to vacate the 2006 guilty plea. The court denied both motions. Elliott pleaded guilty to an amended count of escape and the court ordered him to serve one year of community control. The three assignments of error collectively challenge the court's refusal to dismiss the indictment and vacate the guilty plea.

**{¶3}** In its current form, R.C. 2929.19(B)(1)(e) requires the sentencing judge to "notify" a defendant for whom a period of postrelease control is imposed that if the

defendant violates postrelease control, "the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." The court is "required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus.

{¶4} The court very carefully informed Elliott at sentencing that a violation of postrelease control could result in a prison term of up to one-half his sentence. The court stated:

> You will be on post-release control as a mandatory matter for five years after you are released from prison. If you violate any post-release control rule or condition set by the parole board on you, you're going to be subject to them giving you a more restrictive rule or condition or a longer period of supervision, or you can be returned to prison.

> Your return to prison time for all rule violations cannot be any more than one-half of the prison sentence you receive. If you commit a new felony while you're on supervision or post-release control, any prison sentence that you get for that new felony had to be served consecutively with any prison term that you get for your PRC violation.

{¶5} The court was not as careful when restating that notification in the sentencing entry. The sentencing entry simply stated: "[p]ostrelease control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28."

{¶6} We note at the outset that the state has abandoned for purposes of appeal the argument it made below that the court could amend the sentencing entry nunc pro tunc to correct its failure to mention the consequences of violating postrelease control. This was

wise. In *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, the Supreme Court made it clear that "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *Id*. at ¶ 16. *See also State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121, ¶ 17. The law is settled — regardless of any clerical error that may have occurred in the sentencing entry, the defendant's release from prison constitutes a line that a nunc pro tunc entry cannot cross. *Id*. at ¶ 25 (the court may correct the original sentencing entry "through a nunc pro tunc entry, *as long as the correction is accomplished prior to the defendant's completion of his prison term*.") (Emphasis added.)

{¶7} The state's argument comes down to whether postrelease control was validly imposed in 2006; for if it was not, the sentence is void, postrelease control was never properly ordered, and Elliott could not be guilty of escape. *State v. Viccaro*, 8th Dist. Cuyahoga No. 99816, 2013-Ohio-3437, ¶ 14; *State v. Cash*, 8th Dist. Cuyahoga No. 95158, 2011-Ohio-938, ¶ 9.

{¶8} The state concedes that the sentencing entry made no mention of the consequences of violating postrelease control, but argues that the completeness of the court's verbal notification, coupled with the reference to R.C. 2967.28, was sufficient to give Elliott notice of the consequences of violating postrelease control. In making this argument, it cites to a passage in *Qualls* where the Supreme Court stated:

We have also stated that a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing. *E.g.*, *Jordan*, at paragraph one of the syllabus, see current R.C. 2929.14(D). *But our main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry. See id.* at ¶ 23 (recognizing that the "statutory duty" imposed is "to provide notice of postrelease control at the sentencing hearing"); *[State v.] Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 26 (stressing the importance of notification); *Watkins [v. Collins]*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, at ¶ 52 (stating that the "preeminent purpose" of the statutes is "that offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentences").

(Emphasis added.)

{¶9} It is important to understand that *Qualls* did not say that a court need not advise the defendant of the consequences of violating postrelease control nor can the opinion be read to suggest as much. By sanctioning the use of a nunc pro tunc entry to impose that which had been inadvertently omitted from the sentencing entry, *Qualls* reinforced the statutory requirement that "a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *Id*. at ¶ 18.

{¶10} *Qualls* was simply noting the difference in two possible scenarios: the first (as in this case), where the court gives notification at sentencing but fails to incorporate that notification in the sentencing entry; the second, where the court does not give notification at sentencing but does incorporate notice in the sentencing entry. By acknowledging that its focus has been on verbal notification at the time of sentencing, the

Supreme Court recognized that in the first scenario, notice had actually been given, so a nunc pro tunc entry could be issued to reflect that reality. Under the second scenario, notice was not given at sentencing, so the sentencing entry itself could not be proof of notice.

{¶11} Put differently, had the Supreme Court intended to abandon the requirement that the court, in its sentencing entry, notify the defendant of the consequences of violating postrelease control, a nunc pro tunc entry would be pointless. The Supreme Court may well consider the verbal notification of the consequences of violating postrelease control at sentencing to be paramount because it is the best proof that the defendant understands the notice, but the court is not excused from incorporating that same notice into its sentencing entry. *Jordan*, *supra*, at ¶ 9.

{¶12} Although the court properly notified Elliott of the consequences of violating postrelease control at the time of sentencing in 2006, the court's sentencing entry failed to include that same notification. Elliott's release from prison barred the court from taking any action to reimpose postrelease control or correct its sentencing entry nunc pro tunc. It follows that the attempt to impose postrelease control was void. With postrelease control invalidly entered, the state could not base any prosecution on Elliott's failure to comply with the terms of postrelease control. The court erred by denying Elliott's motion to dismiss the indictment charging him with escape. The first assignment of error is sustained. It follows that the third assignment of error, that the court erred by failing to terminate Elliot's postrelease control, is likewise sustained. The second assignment of

error relating to the court's refusal to allow Elliott to withdraw his guilty plea entered in 2006 is moot. *See* App.R. 12(A)(1)(c).

**{¶13}** This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR