[Cite as *State v. Pyne*, **2014-Ohio-3037.**]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100580

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# WILLIAM PYNE

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576077

**BEFORE:** Boyle, A.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 10, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Daniel T. Van
Brett Hammond
Joseph J. Ricotta
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEE**

Mark A. Schneider
21055 Lorain Road
Fairview Park, Ohio   44126

MARY J. BOYLE, A.J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from a judgment granting defendant-appellee's, William Pyne's, motion to dismiss the escape indictment against him. The state raises two assignments of error for our review:

1. The trial court erred in dismissing the indictment because the defendant was orally notified at sentencing of the consequences for violating postrelease control and the journal entry imposes the correct term of postrelease control and references the postrelease control statute. Therefore the defendant was properly on postrelease control and, as a result, he was properly charged with escape.

2. The trial court erred in dismissing the indictment, because even if the sentencing entry omits the potential additional prison time that could be imposed for violations of postrelease control, the defendant was properly advised of postrelease control and was properly on postrelease control when he absconded. Therefore, the escape charge should not have been dismissed.

{¶2} Finding no merit to the state's appeal, we affirm.

## Procedural History

{¶3} In August 2009, Pyne pleaded guilty to one count of failing to verify his address in violation of R.C. 2950.06(F), a third-degree felony. The trial court sentenced Pyne to three years in prison. The sentencing entry journalized by the trial court notified Pyne that he would be subject to three years of postrelease control upon his release from prison under R.C. 2967.28. The trial court, however, failed to include the necessary language in the sentencing entry notifying Pyne of the consequences that he could face if he violated the terms of his postrelease control.

**{¶4}** Pyne completed his prison term and, while on postrelease control, allegedly failed to report to his parole officer on or about September 25, 2012. In July 2013, Pyne was indicted on one count of escape, in violation of R.C. 2921.34(A)(3).

**{¶5}** Pyne moved to dismiss his indictment, arguing that he was never properly placed on postrelease control because the trial court failed to journalize the consequences of violating postrelease control. Pyne further argued that because he was never placed on postrelease control, he could not be charged with escape for failing to report to his parole officer.

**{¶6}** The trial court granted Pyne's motion to dismiss. It is from this judgment that the state now appeals. The state's two assignments of error collectively challenge the court's granting Pyne's motion and dismissing the indictment. Thus, we will address them together.

Law and Analysis

**{¶7}** The failure to properly notify a defendant of postrelease control and to incorporate that notice into the court's sentencing entry renders the sentence void. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. This notification also includes informing a defendant of the consequences of violating postrelease control. *See id.*; R.C. 2929.19(B)(2)(e).

**{¶8}** The state argues that despite the trial court's failure to include the consequences for violating postrelease control in Pyne's sentencing entry, the trial court provided such notice to Pyne at his sentencing hearing. The state claims that because

Pyne was provided with proper notice of the consequences for violating postrelease control at his sentencing hearing and the judgment entry refers to R.C. 2976.28, that was sufficient for Pyne to be placed on postrelease control in his previous criminal case and, thus, he could be subject to the charge of escape in the present case.[1]

{¶9} In support of its argument that notice is the most crucial element when it comes to postrelease control, the state points to the following Ohio Supreme Court passage from *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 19:

> [A] trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing. E.g.*, Jordan*, at paragraph one of the syllabus, see current R.C. 2929.14(D). But our main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry. *See id*. at ¶ 23 (recognizing that the "statutory duty" imposed is "to provide notice of postrelease control at the sentencing hearing"); [*State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 26] (stressing the importance of notification); *Watkins* [*v. Collins*], 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 52 (stating that the "preeminent purpose" of the statutes is "that offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentences").

---

[1]The state claims that it attached the relevant portions of the transcript from Pyne's 2009 sentencing hearing to its brief in opposition to Pyne's motion to dismiss. The state asserts that the transcript shows that the trial court fully complied with the postrelease control notification requirements at that sentencing hearing. The transcript from Pyne's 2009 sentencing hearing, however, is not in the record on appeal. We note, however, for reasons that will be fully explained in this opinion, having the transcript before us would not affect the outcome of our decision in this case.

**{¶10}** *Qualls* involved a defendant who had been properly notified about postrelease control at his sentencing hearing in 2002. The sentencing entry, however, failed to contain language indicating that notification was made. *Id*. at ¶ 1. In 2010, the trial court corrected the omission using a nunc pro tunc entry and denied the defendant's request for a de novo sentencing hearing. *Id*. The Supreme Court upheld the trial court's use of a nunc pro tunc entry, explaining:

> [W]hen the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, *as long as the correction is accomplished prior to the defendant's completion of his prison term*.

(Emphasis added.) *Id.* at ¶ 24 (the defendant in *Qualls* was still in prison, serving a lengthy prison sentence, at the time the trial court corrected the original sentencing entry via nunc pro tunc).

**{¶11}** As this court explained in *State v. Elliott*, 8th Dist. Cuyahoga No. 100404, 2014-Ohio-2062:

> It is important to understand that *Qualls* did not say that a court need not advise the defendant of the consequences of violating postrelease control nor can the opinion be read to suggest as much. By sanctioning the use of a nunc pro tunc entry to impose that which had been inadvertently omitted from the sentencing entry, *Qualls* reinforced the statutory requirement that "a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *Id*. at ¶ 18.

*Elliott* at ¶ 9.

**{¶12}** Although the Ohio Supreme Court's jurisprudence in the ever-evolving area of postrelease control has been anything but easy to decipher, the Supreme Court has never abandoned its holding from *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, that a trial court must notify a defendant at his or her sentencing hearing about postrelease control and is further required to incorporate that notice into its sentencing entry. *Jordan* at paragraph one of the syllabus. Failure to do so renders the postrelease control portion of the sentence void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus.

**{¶13}** Even in *Qualls*, the Supreme Court did not abandon its postrelease control jurisprudence. As this court explained in *Elliott*:

> [H]ad the Supreme Court intended to abandon the requirement that the court, in its sentencing entry, notify the defendant of the consequences of violating postrelease control, a nunc pro tunc entry would be pointless. The Supreme Court may well consider the verbal notification of the consequences of violating postrelease control at sentencing to be paramount because it is the best proof that the defendant understands the notice, but the court is not excused from incorporating that same notice into its sentencing entry.

*Id.* at ¶ 11, citing *Jordan* at ¶ 9.

**{¶14}** Here, Pyne was released from prison prior to the trial court correcting the deficiencies in his 2009 sentencing entry. Even if the court properly notified Pyne of the consequences of violating postrelease control at his 2009 sentencing hearing, the sentencing entry failed to include the same notification. Thus, any "attempt to impose postrelease control was void." *Elliott*, 8th Dist. Cuyahoga No. 100404, 2014-Ohio-2062, ¶ 12 (*Elliott* involved nearly an identical set of facts as presented here

and nearly identical arguments made by the state). *See id. See also State v. Mills*, 8th Dist. Cuyahoga No. 100417, 2014-Ohio-2188 (also dealt with this exact issue, and relied on *State v. Viccaro*, 8th Dist. Cuyahoga No. 99816, 2013-Ohio-3437, which was the case that Pyne relied on in his motion to dismiss). We find the state's arguments distinguishing *Viccaro* to be without merit.

{¶15} We do note that in *Elliott*, the transcript from the original sentencing hearing was in the record on appeal. This court could verify that the trial court did in fact give the proper postrelease control notifications at the sentencing hearing. Nonetheless, we still held that because Elliott had been released from prison, notification at the sentencing hearing without also being included in the sentencing entry, was not sufficient to place him on postrelease control and, thus, he could not be charged with escape for violating postrelease control. *Id.* at ¶ 12. Accordingly, even if we had the transcript of Pyne's 2009 sentencing hearing before us, establishing that the trial court notified Pyne of the consequences of violating postrelease control, we would still affirm the trial court's dismissal of the escape indictment against Pyne.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR