[Cite as *State v. Burroughs*, 2014-Ohio-4688.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101123

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RICHARD BURROUGHS

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-496450-B

**BEFORE:** McCormack, J., Keough, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEYS FOR APPELLANT**

Michael E. Stepanik
Charles J. Wilkins
Jack W. Bradley Co., L.P.A.
520 Broadway – 3rd Floor
Lorain, OH 44052


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: KatherineMullin
Daniel T. Van
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Richard Burroughs, appeals the trial court's judgment denying his motion to terminate postrelease control. For the reasons that follow, we reverse.

{¶2} On February 11, 2008, Burroughs pleaded guilty to drug trafficking in violation of R.C. 2925.03, a first-degree felony that carries a mandatory term of three to ten years incarceration. In consideration of the plea agreement, the parties agreed to a six-year term of incarceration.

{¶3} At the sentencing hearing, the trial court sentenced Burroughs to the agreed-upon sentence of six-years incarceration and advised Burroughs that he is subject to postrelease control for a mandatory period of five years after incarceration. The court also advised Burroughs of the consequences of violating the terms of postrelease control, stating that he may receive an "additional time of up to half of the original sentence or a charge of felony escape." With respect to postrelease control, the sentencing entry stated: "(Agreed and mandatory) Post release control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28."

{¶4} According to Burroughs, he completed serving his entire sentence and was released from prison on May 4, 2013. Upon his release, Burroughs was placed on postrelease control. On February 10, 2014, Burroughs filed with the trial court a motion to terminate his postrelease control based upon the fact that his original sentencing entry

failed to state the consequences for a violation of postrelease control. The court denied the motion, and Burroughs now appeals.

{¶5} In his sole assignment of error, Burroughs contends that the trial court erred when it refused to terminate his postrelease control, stating that he was improperly sentenced to postrelease control because the sentencing entry did not include the consequences for violation of postrelease control. He argues that because that portion of his sentence is void and he has completed his sentence, the trial court could not retrospectively impose postrelease control.

{¶6} In its response, the state essentially concedes the law in this district. However, the state argues that there is a conflict among Ohio's districts and it wishes to preserve for further appellate review its argument that the trial court did not err when it denied Burroughs's motion to terminate postrelease control. The state contends, in accordance with the law as stated in other districts, that Burroughs was properly advised of postrelease control because the trial court orally notified Burroughs at the sentencing hearing of the consequences of postrelease control and the language contained in the journal entry that references the postrelease control statute satisfies the imposition of postrelease control. The state therefore urges this court to follow the law of other districts, as stated in *State v. Clark*, 2d Dist. Clark No. 2012 CA 16, 2013-Ohio-299 (the sentencing entry that noted the term "consequences" in connection with R.C. 2967.28 was sufficient notice of the consequences for violation of postrelease control), *State v. Darks*, 10th Dist. Franklin No. 12AP-578, 2013-Ohio-176 (the journal entry that included a

reference to the sentencing statute, R.C. 2929.19(B)(3), was sufficient notice); and *State v. Murray*, 6th Dist. Lucas No. L-10-1059, 2012-Ohio-4996 (the sentencing entry that included reference to R.C. 2953.08 and 2967.28 was sufficient for purposes of notice of postrelease control sanction).[1]   We decline to do so.

{¶7}   This court has repeatedly held that where a trial court properly advised the defendant of postrelease control at the sentencing hearing, but the corresponding journal entry did not include the consequences for violating postrelease control, that failure to incorporate the notice of consequences for violation in the sentence entry rendered void any action to impose postrelease control.   *State v. Lawson*, 8th Dist. Cuyahoga No. 100626, 2014-Ohio-3498; *State v. Pyne*, 8th Dist. Cuyahoga No. 100580, 2014-Ohio-3037; *Elliott; Mills; State v. Middleton*, 8th Dist. Cuyahoga No. 99979, 2013-Ohio-5591; *State v. Viccaro*, 8th Dist. Cuyahoga No. 99816, 2013-Ohio-3437. And where the defendant has already served his prison term for the charges underlying the postrelease control, the court is barred from taking any action to reimpose postrelease control, correct any sentencing errors by resentencing, or correct its sentencing entry nunc pro tunc.   *Mills* at ¶ 14; *Elliott* at ¶ 12.

---

[1]   In *State v. Elliott,* 8th Dist. Cuyahoga No. 100404, 2014-Ohio-2062, and *State v. Mills,* 8th Dist. Cuyahoga No. 100417, 2014-Ohio-2188, the state filed a motion to certify a conflict pursuant to App.R. 25 and Article IV, Section 3(B)(4) of the Constitution, requesting conflict certification with the decisions in *Darks* and *Clark.*   On June 30, 2014, the state appealed the *Elliott* decision to the Ohio Supreme Court, seeking review of whether a sentencing entry that imposes postrelease control but does not journalize the consequences for violating postrelease control invalidates the imposition of postrelease control.   This court denied the state's motions to certify on July 1, 2014, and July 8, 2014, respectively. And on October 8, 2014, the Supreme Court declined to accept the state's appeal for review.   *State v. Elliott, 10/08/2014 Case Announcements*, 2014-Ohio-4414.

**{¶8}** More specifically, we have held that the mere reference to the postrelease control statute, R.C. 2967.28, in the sentencing entry is not adequate notice of the consequences of violating postrelease control. *See Elliott*; *Mills*. In *Elliott*, the trial court properly advised the defendant of postrelease control at his sentencing hearing, informing him that he would be subject to a five-year period of postrelease control upon his release from prison and that a violation of postrelease control could result in his return to prison for up to one-half of the time he was receiving. The sentencing entry, however, simply stated: "postrelease control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28." *Elliott* at ¶ 5. We found that this language, which is nearly identical to the language in the Burroughs entry, did not provide the defendant with sufficient notice of the consequences of violating postrelease control. *Id.* at ¶ 12. While verbal notification of the consequences "is the best proof that the defendant understands the notice, * * * the court is not excused from incorporating that same notice into its sentencing entry." *Id.* at ¶ 11, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 9; *Mills* (finding the same language and reference to R.C. 2967.28 in the sentencing entry insufficient notice of the consequences of violating postrelease control such that the sentence was void).

**{¶9}** In light of the foregoing precedent in this district, we find that the trial court erred in denying Burroughs's motion to terminate postrelease control. Because postrelease control sanctions were not properly included in his sentencing entry, particularly with respect to the failure to state the consequences for violation of

postrelease control, and Burroughs has served his prison term for the charges underlying the postrelease control, any attempt to impose postrelease control was void.

**{¶10}** Accordingly, Burroughs's sole assignment of error is sustained.

**{¶11}** The case is reversed and remanded to the trial court with instructions to release Burroughs from further postrelease control supervision.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR