[Cite as *State v. Bryant*, 2015-Ohio-3678.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102650

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARVIN BRYANT

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-04-455771-A

**BEFORE:** Blackmon, J., E.T. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 10, 2015

**FOR APPELLANT**

Marvin Bryant, Pro Se
A-480-285
Lorain Correctional Institute
2075 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Eric L. Foster
Mary McGrath
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} In this accelerated appeal, appellant Marvin Bryant ("Bryant") appeals the trial court's denial of his motion to terminate postrelease control and assigns the following error for our review:

> Appellant's rights were violated when the trial judge refused to terminate the void sentence and postrelease control supervision in violation of Ohio Supreme Court mandates, Due Process and Equal Protection Clauses of the Fourteenth Amendments of the U.S. Constitutions and *State v. Jordan*, R.C. 2929.19, *State v. Simpkins*, and *State v. Bezak*.

{¶2} Having reviewed the record and pertinent law, we conclude that the trial court erred by denying Bryant's motion to terminate his postrelease control. The apposite facts follow.

{¶3} On December 23, 2004, Bryant was sentenced to a total of nine years in prison after being convicted by a jury for aggravated robbery, felonious assault, and having a weapon while under disability. The trial court also imposed postrelease control for five years.

{¶4} Bryant appealed; this court affirmed his convictions. *See State v. Bryant*, 8th Dist. Cuyahoga No. 85836, 2006-Ohio-4105. Bryant appealed the decision to the Ohio Supreme Court, which reversed and remanded the matter for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶5}** The trial court conducted a resentencing hearing on August 30, 2006. The trial court again imposed a sentence of nine years in prison. The court then imposed postrelease control in its sentencing entry as follows:

> Postrelease control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28.

> Mandatory 5 years postrelease control for Count 1; and up to 3 years postrelease control for Counts, 2, 3, and 4.

Journal Entry, August 30, 2006.

**{¶6}** On December 30, 2014, Bryant filed a "Motion to Correct Void Sentence/Terminate Postrelease Control." Bryant argued that the trial court failed to state the consequences of violating postrelease control in the sentencing entry. He contended that because he completed serving his prison term, his sentence was void because the trial court was unable to resentence him. The trial court denied his motion, stating that the "journal entry includes the advisement of postrelease control."

**{¶7}** On January 15, 2015, Bryant filed another motion, captioned, "Motion to Correct Void Sentence/Terminate Postrelease control." Bryant again requested that the trial court terminate his postrelease control due to the court's failure to include in the journal entry the consequences for violating postrelease control. The trial court again denied the motion.

### Postrelease Control

**{¶8}** In his sole assigned error, Bryant argues that the trial court erred by not terminating his postrelease control. Specifically, Bryant argues that his postrelease control is void because the trial court failed to advise in the sentencing entry the

consequences for violating postrelease control. He contends that because he has completed his sentence, the trial court can no longer resentence him to rectify the error. We agree.

{¶9} This court in *State v. Martin,* 8th Dist. Cuyahoga No. 102336, 2015-Ohio-2865; *State v Love*, 8th Dist. Cuyahoga No. 102058, 2015-Ohio-1461, and *State v. Burroughs*, 8th Dist. Cuyahoga No. 101123, 2014-Ohio-4688, addressed this exact issue. We held that in situations where the trial court failed to set forth the consequences for violating postrelease control in the sentencing entry and the defendant completed his sentence, that the postrelease control is void and should be terminated. We specifically held that merely referring to the statute in the sentencing entry was insufficient to advise the defendant of the consequences.

{¶10} In so holding, we recognized, as the state argues, that other districts have held otherwise. In *State v. Darks*, 10th Dist. Franklin No. 12AP-578, 2013-Ohio-176; *State v. Ball*, 5th Dist. Licking No. 13-CA-17, 2013-Ohio-3443, *State v. Murray*, 6th Dist. Lucas No. L-10-1059, 2012-Ohio-4996, the courts held that mere reference to the statute in the sentencing entry satisfied the notification requirements for imposing postrelease control. This court has declined to adopt the law of our sister districts.

{¶11} Here, the sentencing entry does not set forth the consequences for violating postrelease control and Bryant has completed his sentence. Pursuant to the precedent set forth in *Martin, Love,* and *Burroughs*, the trial court erred by not terminating Bryant's postrelease control.[1]

---

[1]To the extent that Bryant's assigned error can be read to argue that his

**{¶12}** The state contends we should presume regularity because Bryant failed to present a transcript of the hearing. However, regardless if the trial court advised Bryant of the consequences at the sentencing hearing, the consequences still must be set forth in the journal entry. *Martin*; *Love*; *Burroughs*; *State v. Lawson*, 8th Dist. Cuyahoga No. 100626, 2014-Ohio-3498; *State v. Pyne*, 8th Dist. Cuyahoga No. 100580, 2014-Ohio-3037; *State v. Elliott*, 8th Dist. Cuyahoga No. 100404, 2014-Ohio-2062; *State v. Mills*, 8th Dist. Cuyahoga No. 100417, 2014-Ohio-2188; *State v. Middleton*, 8th Dist. Cuyahoga No. 99979, 2013-Ohio-5591; *State v. Viccaro*, 8th Dist. Cuyahoga No. 99816, 2013-Ohio-3437. Accordingly, Bryant's sole assigned error is sustained.

**{¶13}** The judgment of the trial court is reversed, and the matter remanded to the trial court with instructions to release Bryant from further postrelease control supervision.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

---

entire conviction is void, the Ohio Supreme Court in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6 held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis sic.) Thus, only Bryant's postrelease control is void, not his entire conviction.

EILEEN T. GALLAGHER, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN
JUDGMENT ONLY