[Cite as *State v. Douse*, 2013-Ohio-254.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98249**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN S. DOUSE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-365121

**BEFORE:** Blackmon, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**ATTORNEY FOR APPELLANT**

Stephen P. Hardwick
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, OH 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: T. Allan Regas
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant John S. Douse ("Douse") appeals the trial court's denial of his motion to vacate his postrelease control and assigns the following error for our review:

**The trial court erred by denying Mr. Douse's motion to vacate his void postrelease control.**

{¶2} Having reviewed the record and pertinent law we reverse the trial court's decision, vacate Douse's postrelease control, and remand for the trial court to note on its record that Douse cannot be resentenced and thus is not subject to postrelease control. The apposite facts follow.

## Facts

{¶3} On December 2, 1998, Douse pleaded guilty to three counts of corruption of a minor, one count of gross sexual imposition, three counts of illegal use of a minor in nudity-oriented material, and two counts of voyeurism. The trial court sentenced him to a total 13 years in prison.

{¶4} Douse filed a direct appeal from his conviction; this court remanded the matter to determine whether the three counts of illegal use of a minor in nudity-oriented material were allied offenses. *State v. Douse*, 140 Ohio App.3d 42, 746 N.E.2d 649 (8th Dist.2000). On remand, the trial court found that the offenses were not allied offenses and ordered the original sentence to be executed. Douse again appealed. This court affirmed the trial court's conclusion that the offenses were not allied offenses, but remanded the matter for resentencing consistent with its prior opinion. *State v. Douse*, 8th Dist. No. 79318, 2001 Ohio App. LEXIS 5287 (Nov. 29, 2001).

**{¶5}** On remand, the trial court resentenced Douse to an aggregate sentence of six years and included in the sentencing entry, "Postrelease control is part of this prison sentence for the maximum period allowed for the above felony(s) under ORC 2967.28." Douse subsequently filed a motion to withdraw his plea, which the trial court denied. Douse filed a direct appeal, and we affirmed the trial court's denial of the motion, but again remanded the matter for resentencing because the trial court failed to conform with former R.C. 2929.14(C) in imposing maximum sentences. *State v. Douse*, 8th Dist. No. 82008, 2003-Ohio-5238. On remand, the trial court again sentenced Douse to 13 years in prison, with credit for time served. In the sentencing entry the court ordered: "Postrelease control is a part of this prison sentence for the maximum period allowed for the above felony under ORC 2967.28."

**{¶6}** Douse was released from prison on November 28, 2011, after completing his 13 year sentence. Upon his release, he was placed on postrelease control. As a result, Douse filed a pro se motion to vacate postrelease control, arguing the postrelease control was void because the court failed to impose the mandatory five years of postrelease control in the sentencing entry. The trial court denied the motion. With the help of counsel, he filed a second motion to vacate on the same grounds, which the court denied on March 14, 2012.

### Postrelease Control

**{¶7}** In his sole assigned error, Douse contends that the trial court erred by failing to vacate his postrelease control. He specifically contends that the imposition of postrelease control was void because the trial court failed to impose the mandatory

five-year term of postrelease control in the sentencing entry. Instead, the trial court ordered, "Postrelease control is a part of this prison sentence for the maximum period allowed for the above felony(s) under ORC 2967.28." Because Douse was convicted of sex offenses, he was subject to a mandatory five years of postrelease control. R.C. 2967.28(B)(1).

{¶8} The trial court's imposition of postrelease control was invalid because the court failed to order the postrelease control for the mandatory five years. *State v. Stallings*, 8th Dist. No. 97480, 2012-Ohio-2925 (postrelease control void because trial court failed to impose five-year mandatory sentence in journal entry). "[I]n the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254.

{¶9} However, in spite of the postrelease control being void, the state argues the court properly denied Douse's motion to vacate because it was a successive petition for postconviction relief; therefore, res judicata barred review of the motion. We disagree. The Ohio Supreme Court in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus held that a sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at *any time*, on direct appeal or by collateral attack.

{¶10} Additionally, in *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶19 (9th Dist.), the court, relying on the Ohio

Supreme Court's decision in *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, held that a reviewing court has an obligation to recognize void sentences, vacate them, and order resentencing. *Holcomb* at ¶ 19. Thus, "presumably, this means that a trial court, confronted with an untimely or successive petition for postconviction relief that challenges a void sentence, must ignore the procedural irregularities of the petition [and vacate if so required].*" Id.* Therefore, because we are dealing with a void sentence, the fact that it was raised in a successive petition does not prevent our review.

{¶11} The state also contends that this is a case of first impression because cases in the past dealt with the issue on a direct appeal from the original conviction and Douse had already filed a direct appeal from his conviction in 2000. However, recently, in *State v. Billiter*, Slip Opinion No. 2012-Ohio-5144, the Ohio Supreme Court dealt with an appeal from the imposition of postrelease control; the court was reviewing an escape conviction for the violation of postrelease control; therefore, it was not a direct appeal from the original conviction. The court held that because postrelease control was not validly entered in the original conviction, Billiter could not be found guilty of escape. In so holding, the court concluded that "*Fischer* applies to every criminal conviction, including a collateral attack on a void sentence. * * *" *Id.* We conclude that based on the precedent established by the supreme court, res judicata does not prevent Douse from seeking to vacate his void postrelease control.

{¶12} Finally, the state contends that Douse should have pursued this argument in a writ of habeas corpus and cites to the supreme court's decision in *Hernandez v. Kelley*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, for support. However, in

*Hernandez*, the defendant was in custody for violating the postrelease control. Here, Douse is not in custody because he has not violated the postrelease control and has been released from prison. This court has recognized that improper postrelease control supervision does not constitute "physical confinement"; therefore, a writ of habeas corpus is not the appropriate legal vehicle to appeal an invalid postrelease control. *State ex rel. Ross v. Kinkela*, 8th Dist. No. 79411, 2001-Ohio-4256.

**{¶13}** There is no dispute that Douse has served his prison term. It is well settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct sentencing errors by resentencing. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶18, *rev'd in part on other grounds by, Fischer*; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.

**{¶14}** Thus, because Douse has already completed his sentence, he "cannot be subjected to another sentencing hearing to correct the trial court's flawed imposition of postrelease control." *Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶70, citing *Bezak* at ¶18 and *Simpkins* at the syllabus; *State v. Peterson*, 8th Dist. No. 96958, 2012-Ohio-87; *State v. Stallings*, 8th Dist. No. 97480, 2012-Ohio-2925; *State v. Cobb*, 8th Dist. No. 93404, 2010-Ohio-5118. Accordingly, we sustain the sole assigned error and reverse the trial court's decision. Douse's postrelease control is vacated, and this case is remanded for the trial court to note on its record that Douse cannot be resentenced and thus is not subject to postrelease control.

**{¶15}** Postrelease control is vacated and the matter reversed and remanded for proceedings consistent with this opinion.

It is therefore considered that appellant recover of appellee his costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR