[Cite as *State v. Viccaro*, 2013-Ohio-3437.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   99816

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL VICCARO

DEFENDANT-APPELLANT

### JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-541019

**BEFORE:**   E.A. Gallagher, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    August 8, 2013

**FOR APPELLANT**

Michael Viccaro, pro se
Inmate No. 593-977
2500 South Avon-Belden Rd.
Grafton, OH   44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Daniel T. Van
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, P.J.:

{¶1} In this accelerated appeal, Michael Viccaro ("Viccaro") appeals the decision of the trial court denying his motion to withdraw his guilty plea. Viccaro argues that his term of postrelease control was not properly imposed and, thus, cannot provide the basis for the current charge of escape. Finding merit to the instant appeal, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶2} In 2004, Viccaro pleaded guilty to one count of kidnapping and one count of aggravated theft, and the trial court sentenced him to a three-year prison term. Prior to the expiration of Viccaro's prison sentence, the trial court conducted a resentencing hearing and advised Viccaro that upon his release he would be subjected to a five-year period of postrelease control supervision. Viccaro violated the terms and conditions of his postrelease control supervision and the Cuyahoga County Grand Jury indicted him with one count of escape. Viccaro pleaded guilty to the charge of escape, and the trial court sentenced him to a three-year term of imprisonment.

{¶3} Two years and three months after his sentence on the charge of escape, Viccaro filed a motion to withdraw his guilty plea, which the trial court denied. Viccaro appeals, raising the following assignment of error:

> The trial court abused its discretion and/or committed plain error when it denied Mr. Viccaro's motion to withdraw his guilty plea and to dismiss "with prejudice" his conviction for the crime of escape from a void post release control supervision. *State v. Renner*, 2011-Ohio-502, 2011 Ohio

App. LEXIS 445 (2d Dist.).

{¶4} In his appeal, Viccaro claims that the trial court's journal entry informing him of postrelease control was not sufficient and, therefore, is void. Viccaro reasons that because this void term of postrelease control cannot provide the basis for the charge of escape, the trial court erred when it denied his motion to withdraw his guilty plea.

{¶5} In response to Viccaro's arguments, the state moved to supplement the record, filing the following documents: the entry of conviction for the underlying felony in case number CR-450403, the transcript from the re-sentencing hearing at which the court advised him of the imposition of postrelease control[1] and the journal entry of the resentencing. The state claims that any error on the part of the trial court was clerical and has no bearing on Viccaro's motion to withdraw his guilty plea.

{¶6} Pursuant to Crim.R. 32.1, a defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. *See State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977); *State v. Patrick*, 8th Dist. Cuyahoga No. 77644, 2000 Ohio App. LEXIS 3780 (Aug. 17, 2000). A postsentence motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith*.

{¶7} Viccaro claims that manifest injustice occurred in the instant case because

---

[1]We note that although the burden of this appeal lies with Viccaro, it was the state who supplied this court with the transcript of the resentencing hearing.

the trial court did not properly impose the underlying term of postrelease control. In particular, Viccaro argues that because the trial court did not journalize the consequences for violating postrelease control, said postrelease control is void and cannot be used to substantiate a charge of escape. Viccaro asks this court to vacate his conviction and sentence and remand the case to the trial court with instructions to dismiss the matter with prejudice.

{¶8} In *State v. Fischer*, the Supreme Court of Ohio held that a void postrelease control sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. The Supreme Court of Ohio recently applied *Fischer* "to every criminal conviction, including a collateral attack on a void sentence that later results in a guilty plea to the crime of escape." *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960. We conclude, and the state concedes, that *Billiter* applies to the instant case, permitting this court to consider Viccaro's motion to withdraw his guilty plea.

{¶9} We must now consider whether the court's imposition of postrelease control in 2008 is void. Viccaro argues that at the resentencing hearing, the court imposed a term of postrelease control for five years, but failed to include the consequences of violating postrelease control in the journal entry, and therefore, the sentence is void. We note that while the journal entry does not include the consequences of violating postrelease control, the trial court did inform Viccaro of the

consequences at the resentencing hearing.

{¶10} The Supreme Court of Ohio requires a trial court to give notice of postrelease control both at the sentencing hearing and by incorporating it into the sentencing entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. This court follows that requirement. In *State v. Rice*, 8th Dist. Cuyahoga No. 95100, 2011-Ohio-1929, this court found the trial court committed reversible error by failing to state in its sentencing journal entry that an additional term of incarceration could be imposed if the defendant violated the terms of postrelease control. *Id.* In *State v. Nicholson*, 8th Dist. Cuyahoga No. 95327, 2011-Ohio-14, the court's journal entry included the language that the defendant was required to serve a five-year period of postrelease control, but failed to include what repercussions would follow a postrelease control violation. This court determined that the trial court "must notify the offender, both at the sentencing hearing and in its journal entry, that the parole board could impose a prison term if the offender violates the terms and conditions of postrelease control." *Id.,* citing R.C. 2929.191(B)(1).

{¶11} In *Nicholson* and *Rice,* both defendants were in prison for their underlying charges at the time of their appeals; their cases were then remanded to the trial court to correct the sentencing entries pursuant to R.C. 2929.191. In the present case, however, Viccaro had already served his prison term for the charges underlying the postrelease control. "It is well settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct sentencing errors by

resentencing." *State v. Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Therefore, any error in Viccaro's sentencing may not be corrected by resentencing.

{¶12} In *State v. Cash*, 8th Dist. Cuyahoga No. 95158, 2011-Ohio-938, this court stated that "the failure to properly notify a defendant of postrelease control and to incorporate that notice into the court's sentencing entry renders the sentence void." In *Cash*, the court sentenced the defendant to a term of imprisonment that included postrelease control. Following his release from prison, the defendant failed to comply with the terms of postrelease control and the state charged him with escape. The defendant pleaded guilty and was sentenced to prison. The trial court later granted Cash's motion to withdraw his plea and dismissed the indictment. The trial court stated that the defendant's escape indictment was premised on an invalid postrelease control that does not comply with the statutory mandates regarding the imposition of postrelease control.

{¶13} This court affirmed the trial court's ruling, holding that the trial court failed to notify the defendant of the specific terms of postrelease control. In particular, this court found that the trial court's failure to properly advise the defendant of postrelease control "renders his sentence void, i.e., as if it never occurred." *Id.* In affirming the dismissal of the escape charge, this court relied on *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, wherein the Ohio Supreme Court stated that "nothing in R.C. 2967.28 authorizes the Adult Parole Authority to exercise its

postrelease control authority if postrelease control is not imposed by the trial court in its sentences." *Id.* Based on that case, this court held that

> the Adult Parole Authority lacked jurisdiction to impose postrelease control on Cash because it was not included in a valid sentence, nor was there a judicial order imposing postrelease control. Without a valid form of detention, Cash cannot be convicted of escape. *Id.*

{¶14} We cannot ignore the similarities between *Cash* and the instant case. Here, the court failed to include the consequences of violating Viccaro's five-year period of postrelease control in its journal entry. Based on this court's precedent, this deficiency renders the sentence void. *Rice,* 8th Dist. Cuyahoga No. 95100, 2011-Ohio-1929; *Nicholson*, 8th Dist. Cuyahoga No. 95327, 2011-Ohio-14. Additionally, because Viccaro completed his sentence of imprisonment on the charges underlying his postrelease control sanctions, the sentencing entry may not be corrected. *Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254. Therefore, no postrelease control sanctions were lawfully included in a valid sentence, and the Adult Parole Authority lacked jurisdiction to impose postrelease control on Viccaro. Further, Viccaro cannot be convicted of escape where there is no valid form of detention. Therefore, we find the trial court erred in denying Viccaro's motion to withdraw his guilty plea and motion to dismiss his charge of escape.

{¶15} Viccaro's sole assignment of error is sustained.

{¶16} The judgment of the trial court is reversed, and the matter is remanded with instructions to dismiss the charge of escape, release Viccaro from prison and from further postrelease control supervision.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR