[Cite as *State v. Mills*, 2014-Ohio-2188.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100417**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ROBERT MILLS

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575858-A

**BEFORE:**  Kilbane, J., Keough, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**  May 22, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
Joseph J. Ricotta
Daniel T. Van
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Steve W. Canfil
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113-1899

MARY EILEEN KILBANE, J.:

**{¶1}** Plaintiff-appellant, the state of Ohio ("State"), appeals the trial court's judgment granting the motions of defendant-appellee, Robert Mills, to vacate his plea, dismiss the indictment, and terminate postrelease control. For the reasons set forth below, we affirm.

**{¶2}** In February and April 2007, Mills was indicted in two separate criminal cases. In Case No. CR-07-492295, he was charged with drug trafficking and drug possession. In Case No. CR-07-495637, he was charged with two counts of aggravated robbery with firearm specifications, and one count of kidnapping, with firearm specifications. In July 2007, Mills pled guilty to both drug charges in Case No. CR-07-492295. Mills proceeded to a bench trial in Case No. CR-07-495637. In this case, Mills was charged with codefendant Miguel Saucedo ("Saucedo"). Saucedo proceeded to a jury trial, and both defendants were tried simultaneously. The trial court found Mills guilty of the aggravated robbery charges with the firearm specifications and dismissed the kidnapping charge and accompanying specifications.

**{¶3}** In August 2007, the trial court sentenced Mills to six years in prison on Case No. CR-07-495637 and one year in prison on Case No. CR-07-492295. The court ordered the sentences to be served concurrently for a total of six years in prison. At the sentencing hearing, the court advised Mills that:

Upon completing the prison term you will be subjected to five years of supervision by the parole authority. They will supervise you for the five years, * * * and, in fact, if you violate, Mr. Mills, they can send you back to prison for up to one half of the six years, or a total of three years if you violate.

If you don't report to them, they can charge you with a new felony called escape.

{¶4} The corresponding journal entry, however, did not contain the full advisement with respect to postrelease control. The entry states that: "[p]ost release control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28."[1]

{¶5} Mills violated the terms and conditions of his postrelease control supervision on June 3, 2013, and was subsequently indicted on one count of escape. Mills plead guilty to an amended charge of attempted escape on July 25, 2013. Then on September 4, 2013, Mills moved to vacate his guilty plea and dismiss the indictment, arguing that he was never properly advised of postrelease control. Mills supplemented this motion on September 10, 2013, and moved to terminate his postrelease control. The State opposed Mills's motion, arguing that the trial court's imposition of postrelease control was valid. The trial court granted Mills's motions, finding that his "motions have merit." As a result, the trial court vacated Mills's guilty plea, dismissed the indictment, and terminated the postrelease control imposed in Case Nos. CR-07-492295 and CR-07-495637.

---

[1] Mills appealed to this court in *State v. Mills*, 8th Dist. Cuyahoga No. 90383, 2008-Ohio-3666. On appeal, Mills only challenged his convictions. He did not challenge the trial court's impostion of postrelease control. We found his arguments unpersuasive and affirmed his convictions.

**{¶6}** It is from this order that the State appeals, raising the following two assignments of error, which shall be discussed together for ease of discussion.

### Assignment of Error One

The trial court erred in dismissing the indictment because [Mills] was orally notified at sentencing of the consequences of [postrelease] control and the journal entry imposes the correct term of [postrelease] control and references the [postrelease] control statute. Therefore [Mills] was properly on [postrelease] control and, as a result, he was properly charged with escape.

### Assignment of Error Two

The trial court erred in dismissing the indictment, because even if the sentencing entry omits the potential additional prison time that could be imposed for violations of [postrelease] control, [Mills] was properly advised of [postrelease] control and was properly on [postrelease] control when he absconded. Therefore, the escape charge should not have been dismissed.

**{¶7}** Within these assigned errors, the State argues that Mills was properly advised of postrelease control because the trial court orally notified him at the sentencing hearing of the consequences of postrelease control, and the sentencing entry notified him of his postrelease control obligations under R.C. 2967.28. On the other hand, Mills argues that our decision in *State v. Viccaro*, 8th Dist. Cuyahoga No. 99816, 2013-Ohio-3437, is persuasive. We agree.

**{¶8}** In *Viccaro*, the defendant-Viccaro pled guilty to one count of kidnapping and one count of aggravated theft. The trial court sentenced him to a three-year prison term. Prior to the expiration of his prison sentence, the trial court conducted a resentencing hearing and advised Viccaro that upon his release he would be subjected to a five-year period of postrelease control supervision, but failed to include the consequences

of violating postrelease control in the journal entry. Viccaro violated the terms and conditions of his postrelease control supervision and subsequently was indicted with one count of escape. Viccaro pled guilty to the charge of escape, and the trial court sentenced him to a three-year term of imprisonment. Two years after his sentence in the escape charge, Viccaro filed a motion to withdraw his guilty plea, which the trial court denied. *Id.* at ¶ 2-3, 9.

{¶9} Viccaro appealed from this decision, arguing that his term of postrelease control was not properly imposed and, thus, it cannot provide the basis for his escape charge. Specifically, he argued that the

> trial court's journal entry informing him of postrelease control was not sufficient and, therefore, is void. [He reasoned] that because this void term of postrelease control cannot provide the basis for the charge of escape, the trial court erred when it denied his motion to withdraw his guilty plea.

*Id.* at ¶ 3-4.

{¶10} In response to Viccaro's arguments, the State supplemented the record with the entry of conviction for the underlying felony, the transcript from the resentencing hearing, at which the court advised him of the imposition of postrelease control, and the journal entry of the resentencing. The State claimed that any error on the part of the trial court was clerical and had no bearing on Viccaro's motion to withdraw his guilty plea. *Id.* at ¶ 5.

{¶11} We noted that this court must follow *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus, which requires the trial court to give notice of postrelease control both at the sentencing hearing and by

incorporating it into the sentencing entry. *Viccaro* at ¶ 10. In examining other cases from our court, we found that the court failed to include the consequences of violating Viccaro's five-year period of postrelease control in its journal entry, rendering the sentence void. *Id.* at ¶ 14. We further found that because Viccaro completed his sentence of imprisonment on the charges underlying his postrelease control sanctions, the sentencing entry could not be corrected, and Viccaro could not be convicted of escape when there was no valid form of detention. *Id. See State v. Rice*, 8th Dist. Cuyahoga No. 95100, 2011-Ohio-1929 (where this court found the trial court committed reversible error by failing to state in its sentencing journal entry that an additional term of incarceration could be imposed if the defendant violated the terms of postrelease); *State v. Nicholson*, 8th Dist. Cuyahoga No. 95327, 2011-Ohio-14, (where the court's journal entry included the language that the defendant was required to serve a five-year period of postrelease control, but failed to include what repercussions would follow a postrelease control violation. This court found that the trial court must notify the offender, both at the sentencing hearing and in its journal entry, that the parole board could impose a prison term if the offender violates the terms and conditions of postrelease control.); *State v. Cash*, 8th Dist. Cuyahoga No. 95158, 2011-Ohio-938, (where this court found that the failure to properly notify a defendant of postrelease control and to incorporate that notice into the court's sentencing entry renders the sentence void. As a result the Adult Parole Authority lacked jurisdiction to impose postrelease control on the defendant because it

was not included in a valid sentence, nor was there a judicial order imposing postrelease control.)

{¶12} Moreover, in *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, the Ohio Supreme Court addressed the issue of postrelease control, emphasizing two important principles. *See State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121. The first principle is that "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *Id.* at ¶ 16, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301. The second principle emphasized in *Qualls* is that

> a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of the sentencing, including notifying the defendant of the details of postrelease control and the consequences of violating postrelease control.

*Id*. at ¶ 18. If the trial court properly notifies the defendant about postrelease control at the sentencing hearing, but the notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing. *Id.* at the syllabus.

{¶13} In the instant case, just as in *Viccaro*, the trial court properly advised Mills of postrelease control at the 2007 sentencing hearing, but the corresponding journal entry does not include the consequences for violating postrelease control. The failure to incorporate the proper notice of postrelease control in the corresponding sentence entry

renders the sentence void. *Viccaro*, 8th Dist. Cuyahoga No 2013-Ohio-3437, at ¶ 14, citing *Rice* and *Nicholson*.[2]

{¶14} Likewise, Mills already served his prison term for the charges underlying the postrelease control. As we noted in *Viccaro*, "'[i]t is well settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct sentencing errors by resentencing.'" *Id.*, at ¶ 11, quoting *State v. Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio- 254, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. In the instant case, because no postrelease control sanctions were lawfully included in Mills's sentence, the Adult Parole Authority lacked jurisdiction to impose postrelease control, and Mills cannot be convicted of escape. Therefore, the trial court properly granted Mills's motions to withdraw his guilty plea, dismiss the indictment, and terminate postrelease control.

{¶15} Accordingly, the State's first and second assignments of error are overruled.

{¶16} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2]In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus, the Ohio Supreme Court held that a void postrelease control sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack." The Supreme Court of Ohio recently applied *Fischer* "to every criminal conviction, including a collateral attack on a void sentence that later results in a guilty plea to the crime of escape." *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
PATRICIA A. BLACKMON, J., CONCUR