[Cite as *State v. Dines*, 2014-Ohio-3143.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100647**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NOAH DINES

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-479797-A

**BEFORE:** Jones, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**ATTORNEY FOR APPELLANT**

Timothy F. Sweeney
The 820 Building
Suite 430
820 West Superior Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Daniel T. Van
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Noah Dines, appeals the imposition of postrelease control on three rape convictions. The state concedes Dines's argument in part. After review, the imposition of postrelease control is affirmed in part and reversed in part, and this case is remanded for proceedings consistent with this opinion.

## I. Procedural History

{¶2} In 2006, Dines was charged with 3 counts of rape, 23 counts of kidnapping, and 20 counts of gross sexual imposition involving two relatives who were under 10 years of age at the time of the crimes.

{¶3} After the first day of trial, the parties informed the court that they had come to a plea agreement in which Dines agreed to plead guilty to 3 counts of rape and agreed to a recommended sentence of 18 years in prison. The remaining 43 counts would be nolled as part of the plea deal.

{¶4} The trial court sentenced Dines to six years on each count, to run consecutively, and imposed a mandatory five-year period of postrelease control.

{¶5} In 2007, Dines filed a pro se notice of appeal but this court dismissed the appeal for failure to file a timely notice of appeal.

{¶6} In March 2013, Dines filed pro se motions to withdraw his guilty plea and for issuance of a final appealable order and vacation of his sentence. The state opposed the motions in part, but conceded that the trial court's sentencing journal entry did not include required information regarding the consequences of a violation of postrelease control. The state recommended the trial court conduct a limited resentencing on the issue of

postrelease control.

{¶7} The trial court denied Dines's motion to withdraw his guilty plea, but found that its original sentencing entry did not include information regarding the consequences of violating postrelease control and, therefore, granted his motion only for the purpose of "holding a limited resentencing for imposing post-release control pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238."[1]

{¶8} In November 2013, the trial court held the hearing at which it informed Dines that he was subject to a mandatory five years of postrelease control on each count of rape and advised him of the consequences of violating his postrelease control. The court issued a journal entry the same day, which stated, in pertinent part: "Defendant advised of post release control for 5 years mandatory on each count 3, 4 & 46. Appellate rights explained * * * ."

{¶9} Dines filed a timely notice of appeal and raises the following assignments of error for our review:

> [I.] The Trial Court Erred as a Matter of Law in the Resentencing Proceeding By Not Complying with Requirements of R.C. 2929.191, and Not Issuing and Recording a Correction to the 2007 Judgment of Conviction.
>
> [II.] The Trial Court Did Not Have Authority to Impose Post-Release Control on the One Rape Offense for which Dines has Already Served His Six-Year Sentence.

## II. Law and Analysis

---

[1] *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶10} In the first assignment of error, Dines argues that the trial court erred in resentencing him in accordance with R.C. 2929.191 by failing to: (1) include a statement that he would be supervised under R.C. 2967.28 after he leaves prison as required by R.C. 2929.191(A)(1); (2) place "upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction," as required by R.C. 2929.191(A)(2); and (3) properly advise him in the November 2013 sentencing journal entry of the consequences of postrelease control.

{¶11} R.C. 2929.191 sets forth the procedures for correction to judgment of conviction concerning postrelease control. R.C. 2929.191(A)(1) and (A)(2) set forth the procedures for sentences imposed *before* July 11, 2006. Dines was sentenced on January 7, 2007. Therefore, R.C. 2929.191(A)(1) and (A)(2) do not apply to Dines and the trial court did not err in not following those procedures.[2]

{¶12} As to Dines's contention that the trial court did not properly advise him in the November 2013 sentencing journal entry of the consequences of postrelease control, the state concedes this argument. "A trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. This includes incorporating the postrelease notification into the sentencing entry. *Id.*

---

[2]R.C. 2929.191(C) sets forth the procedures for correction to judgment of conviction concerning postrelease control for sentences imposed on or after July 11, 2006.

If the trial court properly notifies the defendant about postrelease control at the sentencing hearing and then inadvertently omits that notice from the sentencing entry, the omission can be corrected with a nunc pro tunc entry, and the defendant is not entitled to a new sentencing hearing. *Id.* at ¶ 30.

{¶13} In *State v. Williamson*, 8th Dist. Cuyahoga No. 99473, 2013-Ohio-3733, this court stated that where a defendant fails to demonstrate a deficiency of postrelease control notification at the sentencing hearing, but can show that the judgment entry failed to include a full notification, the defendant is entitled to a nunc pro tunc entry to correct any omission. *Id.* at ¶ 18.

{¶14} In light of the above, the case is remanded for the trial court to issue a nunc pro tunc entry to reflect that Dines was advised of the consequences for violating postrelease control and that an additional prison term of up to one-half of his prison sentence could be imposed if Dines violates the terms and conditions of his postrelease control. *See State v. Williams*, 8th Dist. Cuyahoga No. 96323, 2013-Ohio-3267, ¶ 16.

{¶15} The first assignment of error is sustained in part.

{¶16} In the second assignment of error, Dines argues that the trial court erred in imposing postrelease control on the one count of rape for which he has already served his sentence. The state concedes this assignment of error.

{¶17} Dines was sentenced in January 2007 to six years of imprisonment on each of three rape offenses, to be served consecutively. At the time the trial court held the November 2013 hearing to impose postrelease control, Dines had completed his sentence for one of the rape convictions.

{¶18} In *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 19, the Ohio Supreme Court held that a trial court cannot add a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense, even if the defendant remains in prison for other offenses.

{¶19} The parties in this case agree that the remedy is to remand the case with instructions to vacate the imposition of postrelease control for the sentence Dines has already served. Thus, the case is remanded with instructions to the trial court to determine which rape conviction has already been served and to vacate the imposition of postrelease control only as to that conviction.

{¶20} The second assignment of error is sustained.

### III. Remand Instructions

{¶21} This matter is remanded for the trial court to (1) vacate postrelease control on one count of rape and (2) issue a nunc pro tunc entry to reflect that Dines was advised of the consequences for violating postrelease control on the two remaining rape convictions and that an additional prison term of up to one-half of his prison sentence could be imposed if he violates the terms and conditions of his postrelease control.

{¶22} Judgment reversed in part. Case remanded.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR