[Cite as *State v. Lawson*, 2014-Ohio-3498.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100626

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANTHONY C. LAWSON

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576300-A

BEFORE: Kilbane, J., Rocco, P.J., and Keough, J.

RELEASED AND JOURNALIZED: August 14, 2014

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justin P. Rudin
Brett Hammond
Brian Hoffman
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Anthony Lawson ("Lawson"), appeals his sentence of 1,404 days for violating the terms of his postrelease control. For the reasons set forth below, we reverse and remand.

{¶2} In September 2004, Lawson was indicted in Case No. CR-04-456808 for sexually abusing his stepdaughter (D.O.B. 10/24/90). He was charged with three counts of rape (Counts 1, 5, and 6), five counts of gross sexual imposition ("GSI") (Counts 2, 3, 7, 8, and 9), and two counts of kidnapping (Counts 4 and 10). Counts 5 and 6 used force language, and Count 6 also carried a furthermore specification. Each of Counts 4 and 9 carried a sexual motivation specification. Pursuant to a plea agreement, Lawson pled guilty to Counts 1, 5, 7, and 8. The force language and the furthermore specification were deleted, and Counts 2, 3, 4, 6, 9, and 10 were nolled. Lawson also agreed to be classified as a sexual predator. The trial court sentenced Lawson to an agreed sentence of eight years in prison (eight years on each of Counts 1 and 5 and four years on each of Counts 7 and 8, to be served concurrently). At the sentencing hearing, the court advised Lawson that

> [y]ou must pay attention when you get out, Mr. Lawson, you will be on post-release control for anywhere from three to five years, that could be inactive, but there could be conditions attached, and a violation of any of the conditions that might be attached to post-release control could result in additional consequences up to and including reindictment on an escape charge and/or re-incarceration for half of an original sentence, even though you have already served each and every day of that underlying sentence.

**{¶3}** The corresponding journal entry, however, did not contain the full advisement with respect to postrelease control. The entry only states that "post release control is part of this prison sentence for the maximum time allowed for the above felony(s) under R.C. 2967.28."

**{¶4}** Then, in July 2013, Lawson was indicted in Case No. CR-13-576300 for failing to provide notice of a change of address under R.C. 2950.05 (sex offender registration requirements) (Count 1) and tampering with records (Count 2). Pursuant to a plea agreement, Lawson pled guilty to an amended Count 1 and Count 2 was nolled. The state of Ohio ("State") changed the language within the body of Count 1 to state that the underlying offense was a fourth-degree felony, instead a first-degree felony. By changing the language, Count 1 became a fourth-degree felony, not a first-degree felony as originally indicted. The trial court sentenced Lawson to 18 months in prison on Count 1. At the sentencing hearing, the court stated:

> I find you to be in violation of the terms of your post release control on Case No. 456808. I'm going to terminate your post release control and impose the remaining time period left on your post release control[,] which is 140[4] days as of today[,] as a prison sanction which will run consecutive to the 18-month prison sentence imposed on 576300. You will be ordered remanded at this point in time. Let me remind you, on your 18-month sentence on this new case you may be placed on an additional three years post release control. Which, if you violate, will subject you to additional prison sanctions for up to one half of the Court's 18 month sentence.

**{¶5}** Lawson now appeals, raising the following single assignment of error for review.

Assignment of Error

The trial court's imposition of 1,404 days of imprisonment as the "remaining" period of [postrelease] control was contrary to law.

**{¶6}** In Lawson's sole assignment of error, he argues that the trial court improperly imposed postrelease control in Case No. CR-04-456808 by not notifying him of the consequences and penalties for violating postrelease control in its sentencing entry. Lawson further argues because that portion of his sentence is void and he completed his sentence in Case No. CR-04-456808, the trial court in Case No. CR-13-576300 could not impose the 1,404 days as part of his sentence in that case. The State, on the other hand, argues that Lawson was properly advised of postrelease control because the trial court orally notified him at the sentencing hearing of the consequences of postrelease control, and the sentencing entry notified him of his maximum postrelease control obligations under R.C. 2967.28. We find Lawson's argument more persuasive.

**{¶7}** This court recently addressed the issue of postrelease control in *State v. Dines*, 8th Dist. Cuyahoga No. 100647, 2014-Ohio-3143 and *State v. Mills*, 8th Dist. Cuyahoga No. 100417, 2014-Ohio-2188. In *Dines*, the defendant Dines pled guilty to three counts of rape and agreed to a recommended sentence of 18 years in prison. *Id.* at ¶ 3. In 2007, the trial court sentenced Dines to six years on each count, to run consecutively, and imposed a mandatory five-year period of postrelease control. *Id.* at ¶ 4. In 2013, Dines filed a pro se motion to vacate his sentence. *Id.* The State conceded that the trial court's sentencing journal entry did not include required information regarding the consequences of a violation of postrelease control. *Id.* The State recommended that the trial court conduct a limited resentencing on the issue of

postrelease control. *Id.* The trial court held the hearing at which it informed Dines that he was subject to a mandatory five years of postrelease control on each count of rape and advised him of the consequences of violating his postrelease control. *Id.* at ¶ 8. The court issued a journal entry the same day, which stated in pertinent part: "Defendant advised of post release control for 5 years mandatory on each count[.]" *Id.*

{¶8} On appeal, Dines argued the trial court erred in imposing postrelease control on one count of rape for which he has already served his sentence. The State conceded this assignment of error. We noted that Dines was sentenced in January 2007 to six years of imprisonment on each of three rape offenses, to be served consecutively. *Id.* at ¶ 17. At the time the trial court held the 2013 hearing to impose postrelease control, Dines had completed his sentence for one of the rape convictions. The parties in *Dines* agreed that the remedy was to remand the case with instructions to vacate the imposition of postrelease control for the sentence Dines already served. *Id.* at ¶ 18. As a result, we remanded the case with instructions that the trial court determine which rape conviction has already been served and to vacate the imposition of postrelease control only as to that conviction. *Id.* at ¶ 19.

{¶9} In *Mills*, trial court properly advised the defendant Mills of postrelease control at his sentencing hearing, but the corresponding journal entry did not include the consequences for violating postrelease control. *Id.* at ¶ 3-4. Mills violated the terms of his postrelease control and was indicted with escape. *Id.* at ¶ 5. We found that the defendant could not be convicted of escape because the failure to incorporate the proper

notice of postrelease control in the corresponding sentence entry rendered the sentence void and Mills had already served his prison term for the charges underlying the postrelease control. *Id.* at ¶ 13-14.

{¶10} In reaching our decision, we relied on *State v. Viccaro*, 8th Dist. Cuyahoga No. 99816, 2013-Ohio-3437. In *Viccaro*, the defendant Viccaro pled guilty to one count of kidnapping and one count of aggravated theft. The trial court sentenced him to a three-year prison term. Prior to the expiration of his prison sentence, the trial court conducted a resentencing hearing and advised Viccaro that upon his release he would be subjected to a five-year period of postrelease control supervision, but failed to include the consequences of violating postrelease control in the journal entry. Viccaro violated the terms and conditions of his postrelease control supervision and subsequently was indicted with one count of escape. Viccaro pled guilty to the charge of escape, and the trial court sentenced him to a three-year term of imprisonment. Two years after his sentence in the escape charge, Viccaro filed a motion to withdraw his guilty plea, which the trial court denied. *Id.* at ¶ 2-3, 9.

{¶11} Viccaro appealed from this decision, arguing that his term of postrelease control was not properly imposed and, thus, it cannot provide the basis for his escape charge. Specifically, he argued that the

> trial court's journal entry informing him of postrelease control was not
> sufficient and, therefore, is void. [He reasoned] that because this void term

of postrelease control cannot provide the basis for the charge of escape, the trial court erred when it denied his motion to withdraw his guilty plea.

*Id.* at ¶ 3-4.

**{¶12}** In response to Viccaro's arguments, the State supplemented the record with the entry of conviction for the underlying felony; the transcript from the resentencing hearing, at which the court advised him of the imposition of postrelease control; and the journal entry of the resentencing. The State claimed that any error on the part of the trial court was clerical and had no bearing on Viccaro's motion to withdraw his guilty plea. *Id.* at ¶ 5.

**{¶13}** We noted that this court must follow *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus, which requires the trial court to give notice of postrelease control both at the sentencing hearing and by incorporating it into the sentencing entry. *Viccaro* at ¶ 10. In examining other cases from our court, we found that the court failed to include the consequences of violating Viccaro's five-year period of postrelease control in its journal entry, rendering the sentence void. *Id.* at ¶ 14. We further found that because Viccaro completed his sentence of imprisonment on the charges underlying his postrelease control sanctions, the sentencing entry could not be corrected, and Viccaro could not be convicted of escape when there was no valid form of detention. *Id.*

**{¶14}** We also noted that in *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, the Ohio Supreme Court addressed the issue of postrelease control,

emphasizing two important principles. *See State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121. The first principle is that "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *Id.* at ¶ 16, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

{¶15} The second principle emphasized in *Qualls* is that

> a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of the sentencing, including notifying the defendant of the details of postrelease control and the consequences of violating postrelease control.

*Id.* at ¶ 18.

{¶16} If the trial court properly notifies the defendant about postrelease control at the sentencing hearing, but the notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry, and the defendant is not entitled to a new sentencing hearing. *Id.* at syllabus.

{¶17} In the instant case, just as in *Viccaro* and *Mills*, the trial court advised Lawson of postrelease control at the 2004 sentencing hearing, but the corresponding journal entry does not include the consequences for violating postrelease control. The failure to incorporate the proper notice of postrelease control in the corresponding sentencing entry renders the sentence in Case No. CR-04-456808 void.[1] *Mills*, 8th Dist.

---

[1]In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus, the Ohio Supreme Court held that a void postrelease

Cuyahoga No. 2014-Ohio-2188, at ¶ 13, citing *Viccaro*, 8th Dist. Cuyahoga No. 99816, 2013-Ohio-3437. Additionally, Lawson already served his prison term for the charges in Case No. CR-04-456808. "'[I]t is well settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct sentencing errors by resentencing.'" *Mills* at ¶ 14, quoting *Viccaro* at ¶ 11, quoting *State v. Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; *Dines*, 8th Dist. Cuyahoga No. 2014-Ohio-3143, at ¶ 19. Because no postrelease control sanctions were lawfully included in his 2004 sentence and Lawson already has served his prison term for the charges underlying the postrelease control, the trial court in Case No. CR-13-576300 could not impose, as part of that sentence, the remainder of Lawson's postrelease control in Case No. CR-04-456808.

{¶18} Accordingly, the sole assignment of error is sustained.

{¶19} Judgment is reversed. The matter is remanded with instructions to the trial court to vacate the 1,404-day portion of the sentence in Case No. CR-13-576300.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

control sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack." The Supreme Court of Ohio recently applied *Fischer* "to every criminal conviction, including a collateral attack on a void sentence that later results in a guilty plea to the crime of escape." *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR