[Cite as *State v. Negron*, 2014-Ohio-5427.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100966**

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**JOVIANNE NEGRON**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-537396-A

**BEFORE:** Jones, P.J., Keough, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 11, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Joseph J. Ricotta
　　　Daniel T. Van
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Steve W. Canfil
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's January 2014 judgment granting the motion to dismiss of defendant-appellee, Jovianne Negron. We affirm.

{¶2} In 2010, Negron was indicted on a single count of escape; the charge resulted from his alleged failure to comply with postrelease control in Cuyahoga C.P. No. CR-07-497486. In 2013, Negron filed a motion to dismiss the indictment and terminate postrelease control on the ground that it was never properly imposed. Specifically, the sentencing journal entry did not detail the consequences for violating postrelease control; rather it stated that "[p]ost release control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28."

{¶3} The trial court held a hearing on the matter. The state contended that postrelease control was properly imposed because Negron was advised of the consequences of violating postrelease control at his plea and sentencing hearings.

{¶4} The trial court, however, granted Negron's motion to dismiss, relying on this court's decision in *State v. Viccaro*, 8th Dist. Cuyahoga No. 99816, 2013-Ohio-3437, and the Ohio Supreme Court's decision in *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718.

{¶5} The state now appeals, raising the following two assignments of error for our review:

> I. The trial court erred in dismissing the indictment because the defendant was orally notified at sentencing of the consequences for violating post-release control and the journal entry imposes the correct term of post-release control and references the post-release control statute and, as a result, he was properly charged with escape.
>
> II. The trial court erred in dismissing the indictment, because even if the sentencing entry omits the potential additional prison time that could be imposed for violations of post-release control, the defendant was properly advised of post-release control and was properly on post-release control when he absconded.

Therefore, the escape charge should not have been dismissed.

{¶6} We consider the two interrelated assignments of error together.

{¶7} In *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, the Ohio Supreme Court held that trial courts are required to give notice of postrelease control *both* at the sentencing hearing and by incorporating it into the sentencing entry. *Id.* at paragraph one of the syllabus. Further, in *Qualls*, *supra*, the Ohio Supreme Court addressed the issue of postrelease control, emphasizing two important principles.

{¶8} The first principle is that "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *Id.* at ¶ 16, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

{¶9} The second principle the court emphasized in *Qualls* is that a trial court "must provide statutorily compliant notification to a defendant regarding postrelease control at the time of the sentencing, including notifying the defendant of the details of postrelease control and the consequences of violating postrelease control." *Id.* at ¶ 18. If the trial court properly notifies the defendant about postrelease control at the sentencing hearing, but the notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry, and the defendant is not entitled to a new sentencing hearing. *Id.* at the syllabus.

{¶10} Thus, under these cases, postrelease control notifications must be given at the sentencing hearing and then incorporated into the sentencing judgment entry. A deficient sentencing judgment entry can be corrected, but only before the defendant completes his sentence for which the postrelease control was imposed.

{¶11} This court has recently addressed this issue regarding lack of notification of the consequences of violating postrelease control in the sentencing judgment entry. For example, in *State v. Dines*, 8th Dist. Cuyahoga No. 100647, 2014-Ohio-3143, the defendant pleaded guilty to three counts of rape and agreed to a recommended sentence of 18 years in prison. In 2007, the trial court sentenced him to six years on each count, to run consecutively, and imposed a mandatory five-year period of postrelease control. In 2013, Dines filed a pro se motion to vacate his sentence. The state conceded that the trial court's sentencing journal entry did not include required information regarding the consequences of a violation of postrelease control.

{¶12} The state recommended that the trial court conduct a limited resentencing on the issue of postrelease control. The trial court held the hearing at which it informed the defendant that he was subject to a mandatory five years of postrelease control on each count of rape and advised him of the consequences of violating his postrelease control. The court issued a journal entry the same day, that advised the defendant of postrelease control.

{¶13} The defendant appealed, contending that the trial court erred in imposing postrelease control on one of the rape counts for which he had already served his sentence. The state conceded this assignment of error, and we agreed. The parties suggested that the remedy was to remand the case to the trial court with instructions to vacate the imposition of postrelease control for the sentence the defendant had already served. This court followed the parties' suggestion and remanded the case with instructions that the trial court determine which rape conviction has already been served and to vacate the imposition of postrelease control only as to that conviction.

{¶14} In *State v. Mills*, 8th Dist. Cuyahoga No. 100417, 2014-Ohio-2188, the trial court properly advised the defendant of postrelease control at his sentencing hearing, but the

corresponding journal entry did not include the consequences for violating postrelease control. The defendant violated the terms of his postrelease control and was indicted on escape. This court found that the defendant could not be convicted of escape because the failure to incorporate the proper notice of postrelease control in the corresponding sentence entry rendered the sentence void and the defendant had already served his prison term for the charges underlying the postrelease control.

{¶15} The *Mills* decision relied on *Viccaro*, 8th Dist. Cuyahoga No. 99816, 2013-Ohio-3437, that the trial court relied on here. In *Viccaro*, the defendant pled guilty to one count of kidnapping and one count of aggravated theft. The trial court sentenced him to a three-year prison term. Prior to the expiration of his prison sentence, the trial court conducted a resentencing hearing and advised the defendant that upon his release he would be subjected to a five-year period of postrelease control supervision, but failed to include the consequences of violating postrelease control in the journal entry. The defendant violated the terms and conditions of his postrelease control supervision and subsequently was indicted with one count of escape. He pled guilty to the charge of escape, and the trial court sentenced him to a three-year term of imprisonment.

{¶16} Two years after his sentence in the escape charge, the defendant filed a motion to withdraw his guilty plea, which the trial court denied. He then appealed, arguing that his term of postrelease control was not properly imposed and, thus, it could not provide the basis for his escape charge. Specifically, the defendant contended that the trial court's journal entry informing him of postrelease control was not sufficient and, therefore, was void. The defendant reasoned that because the void term of postrelease control could not provide the basis for the charge of escape, the trial court erred when it denied his motion to withdraw his guilty plea.

**{¶17}** The state supplemented the record with the entry of conviction for the underlying felony; the transcript from the resentencing hearing, at which the court advised him of the imposition of postrelease control; and the journal entry of the resentencing. It was the state's position that any error on the part of the trial court was clerical and had no bearing on the defendant's motion to withdraw his guilty plea.

**{¶18}** Following *Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 and *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, this court found that the court failed to include the consequences of violating postrelease control in its journal entry, which rendered the sentence void. *Viccaro* at ¶ 14. This court also found that because the defendant completed his sentence of imprisonment on the charges underlying his postrelease control sanctions, the sentencing entry could not be corrected, and the defendant could not be convicted of escape when there was no valid sanction. *Id.*; *see also State v. Mace*, 8th Dist. Cuyahoga No. 100779, 2014-Ohio-5036, ¶ 1.

**{¶19}** Further, the mere reference to the postrelease control statute, R.C. 2967.28, in the sentencing entry is not adequate notice of the consequences of violating postrelease control. *See Mills*, 8th Dist. Cuyahoga No. 100417, 2014-Ohio-2188, ¶ 7; *State v. Elliott*, 8th Dist. Cuyahoga No. 100404, 2014-Ohio-2062, ¶ 5, 12.

**{¶20}** In light of this court's precedent,[1] the escape charge against Negron was properly dismissed. The state's two assignments of error are, therefore, overruled.

**{¶21}** Judgment affirmed.

---

[1] *See also State v. Burroughs*, 8th Dist. Cuyahoga No. 101123, 2014-Ohio 4688; *State v. Lawson,* 8th Dist. Cuyahoga No. 100626, 2014-Ohio-3498; *State v. Pyne*, 8th Dist. Cuyahoga No. 100580, 2014-Ohio-3037; *State v. Middleton*, 8th Dist. Cuyahoga No. 99979, 2013-Ohio-5591.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MELODY J. STEWART, J., CONCUR