JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Eric Turner ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm in part, reverse in part, and remand to the lower court.
 I {¶ 2} According to the case, appellant was arraigned March 10, 2006 on one count of burglary, R.C. 2911.12, a felony of the second degree, and two counts of theft, R.C. 2913.02, each misdemeanors of the first degree. Appellant was given a $2,500 bond. After a series of pretrial meetings between defense counsel and the State of Ohio, the matter proceeded to a bench trial on May 30, 2006. Prior to that day, material witness warrants were obtained by the State of Ohio for witnesses Jack Orr ("Orr") and Charlotte Harris ("Harris").
 {¶ 3} On May 30, 2006, the trial judge returned guilty verdicts on all charges as indicted and sentenced the appellant. The next day, May 31, 2006, the trial court resentenced appellant; however, before doing so, the trial court sua sponte amended count two of the indictment to a felony of the fifth degree by finding the value of a coat that was stolen exceeded $500, noting that count three, theft, was a misdemeanor of the first degree, and ordered appellant to serve six months concurrent with the sentence previously imposed. Appellant received a suspended sentence on count one, avoiding a minimum two-year sentence, and was given an *Page 4 
eight-month sentence on count two, running concurrent with count three. This appeal follows.
 {¶ 4} According to the testimony presented, on February 20, 2006, appellant entered Orr's upstairs residence at 9342 Amesbury in Cleveland without permission and took a fur coat and a cell phone charger. Orr stated that he lived there with his stepdaughter, Charlotte Harris, who was appellant's wife. Harris testified that appellant did not live with her at 9342 Amesbury and that she had moved into that residence on or about December 13, 2005.
 {¶ 5} Orr testified that he did not give appellant the key appellant used to enter the house or permission to enter the residence. Harris testified that she and Orr came home on the night of February 20, 2006 and were told by a neighbor that appellant was in Orr's apartment. Harris and Orr both testified that the police were called to the house twice; she called the police to report appellant and so did Orr. Harris testified that she found appellant under a bed in the apartment, after the police had left the first time they arrived, but he left before the police returned the second time. Harris also testified that appellant fled the residence with her fur coat. When the court found the appellant guilty on all charges of the indictment, the value was not in the indictment nor found the first time by the court.
 II *Page 5 {¶ 6} First assignment of error: "The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove burglary."
 {¶ 7} Second assignment of error: "The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove a theft over $500.00 value."
 {¶ 8} Third assignment of error: "The trial court erred by permitting the testimony of Charlotte Harris, appellant's spouse, contrary to Evidence Rule 601(B)."
 III {¶ 9} A Crim.R. 29 motion tests the sufficiency of the evidence. When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235,818 N.E.2d 229, quoting State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. Insufficiency of evidence is a more rigorous standard than a manifest weight challenge and, if successfully challenged, results in the acquittal of the defendant on the charge.State v. Jonas, Athens App. No. 99CA38, 2001-Ohio-2497. *Page 6 
 {¶ 10} The same standard of review that is applied to a challenge to the sufficiency of evidence is also applied to a denial of a motion for acquittal pursuant to Crim.R. 29. State v. Ready (2001),143 Ohio App.3d 748, 759, 758 N.E.2d 1203.
 {¶ 11} R.C. 2911.12(A), burglary, provides the following:
 "(A) No person, by force, stealth, or deception, shall do any of the following:
 (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense; * * *."
 {¶ 12} Appellant argues in his first assignment of error that there was insufficient evidence to prove burglary. He argues that because he had a key and various belongings in the apartment, no trespass took place and, consequently, no burglary. However, contrary to appellant's assertions, there is direct testimony by Orr and Harris that appellant did not have permission to enter the premises.
 {¶ 13} Harris testified appellant obtained the key during a confrontation, and she did not know that appellant intended to use the key to make an unauthorized entry. Orr further testified that he called the police, and appellant left with a bag of items including a fur coat and a cell phone charger. Moreover, the fact that appellant *Page 7 
went and hid under the bed as soon as the victims returned home demonstrates criminal intent on the part of the accused.
 {¶ 14} Moreover, in her closing argument, counsel for appellant moved for an acquittal of the theft charges on the grounds that 1) the victim listed on the indictment was "Charlotte Harrison," not the same person who testified at trial (Charlotte Harris); and 2) the item listed in the indictment as having been stolen was a "cell phone"; however, testimony by Orr was that a cell phone "charger" was taken from the premises.[1]
 {¶ 15} Not at any time did defense counsel move that the court grant an acquittal on the burglary charges on any one of the elements of burglary. As stated by this court in State v. Sims, quoting State v.Bell (Jan. 31, 1994), Butler App. No. CA93-07-143, "[w]hen the means by which an offense is committed are listed disjunctively in a criminal statute — any one of them may serve as the material element to be proven by the state."
 {¶ 16} "Ohio courts have defined `stealth,' for purposes of the crime of burglary by stealth, as any secret, sly or clandestine act to avoiddiscovery and to gain entrance into or to remain within a residence ofanother without permission." Sims at hn. 1. (Emphasis added.) *Page 8 
 {¶ 17} In the case at bar, appellant, as did the defendant inSims, hid himself away from the authorized occupant of the premises so as not to be seen.
 {¶ 18} Accordingly, we find that the evidence supports the conviction for burglary.
 {¶ 19} Appellant's first assignment of error is overruled.
 {¶ 20} Appellant argues in his second assignment of error that the lower court erred in denying his motion for acquittal when there was insufficient evidence to prove a theft over $500. R.C. 2913.02, theft, provides the following:
 "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 * * *
 (B) (1) Whoever violates this section is guilty of theft.
 (2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree. * * *" *Page 9 
(Emphasis added.)
 {¶ 21} We find appellant's argument concerning the value of the evidence to have merit. The record demonstrates that the lower court judge sua sponte stated that on May 31, 2006, the day after he initially sentenced appellant, the property in count two was to be valued at over $500. However, there was no evidence provided in the record beyond the trial judge's statement at sentencing that he inferred the coat was worth more than $500. Indeed, the state conceded as much in its brief to this court: "The State concedes the trial court received no evidenceregarding the actual value of the fur coat in question."[2] (Emphasis added.)
 {¶ 22} The trial judge simply stated that "the evidence in this case inferentially demonstrated that the value for the coat in question exceeds $500.00, making this a felony of the fifth degree," thereby causing the misdemeanor theft crime in the indictment to become a felony. The trial judge did not provide any additional statements or evidence in the record before assigning this value to the property.
 {¶ 23} Accordingly, we find reasonable minds could differ as to whether each and every element of the crime of theft of property exceeding $500 in value, R.C. 2913.02, was proven beyond a reasonable doubt. Moreover, we find the trial court erred in denying appellant's motion for acquittal when there was insufficient evidence to prove a theft over $500 in value. *Page 10 
 {¶ 24} Accordingly, appellant's second assignment of error is sustained.
 {¶ 25} Appellant argues in his third assignment of error that the lower court erred by permitting the testimony of appellant's wife, Charlotte Harris, in direct contravention of Evid.R. 601(B).
 {¶ 26} Evid.R. 601 provides the following:
 "Rule 601. GENERAL RULE OF COMPETENCY"
 Every person is competent to be a witness except:
 (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
 (B) A spouse testifying against the other spouse charged with a crime except when either of the following applies:
 (1) A crime against the testifying spouse or a child of either spouse is charged;
 "(2) The testifying spouse elects to testify. * * *"
(Emphasis added.)
 {¶ 27} Evid.R. 601 provides that every person is competent to be a witness with certain exceptions. One exception applies when one spouse testifies against another spouse charged with a crime. In the case at bar, the victim, Charlotte Harris, testified against her husband, Eric Turner, who was charged with burglary and theft. However, the evidence in the case at bar demonstrates that the testimony provided by Harris clearly fits within the exception in Evid.R. 601(B)(1). *Page 11 
 {¶ 28} In addition, Evid.R. 601(B) does not provide protection to spouses living separate and apart. State v. Bradley (1986),30 Ohio App.3d 181. In the case at bar, Harris testified that she moved away from appellant as early as December 13, 2005, that appellant did not move with her, and that she does not want to be with him anymore,[3]
all demonstrating sufficient evidence that Harris and appellant were living separate and apart at the time the crime was committed.
 {¶ 29} Accordingly, we find that the lower court did not err by allowing the testimony of Harris.
 {¶ 30} Appellant's third assignment of error is overruled.
 {¶ 31} Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
MELODY J. STEWART, J., and MARY J. BOYLE, J., CONCUR
[1] Tr. at p. 61.
[2] See appellee's brief, p. 4. Note, also, that it is not necessary to prove the value of the property in count two, a misdemeanor theft offense.
[3] Tr. pp. 32, 33 42. *Page 1