[Cite as *State v. Farmer*, 2015-Ohio-4676.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102552**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BRUCE FARMER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART, REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-579424-A

**BEFORE:** S. Gallagher, J., Jones, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 12, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Erin Stone
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Bruce Farmer appeals his convictions and sentence. Upon review, we affirm in part, reverse in part, and remand.

{¶2} Appellant was charged under a multicount indictment with the following offenses: Count 1, aggravated robbery of a law enforcement officer;[1] Count 2, assault; Count 3, breaking and entering; Count 4, disrupting public services; and Count 5, resisting arrest. He entered a plea of not guilty, and the case proceeded to a jury trial.

{¶3} The offenses arose from an incident that occurred on October 21, 2013. James Kirk, an officer with the Norfolk Southern Railroad Police Department, testified that he was patrolling in his unmarked police vehicle along a stretch of railroad track in Cleveland when he saw three individuals, one of whom was appellant, trespassing. He activated his lights, stopped the individuals, and informed them they were trespassing. Officer Kirk was wearing a police uniform, including his badge, and was carrying mace and a firearm.

{¶4} When Officer Kirk questioned appellant as to the spelling of the name he provided, appellant became nervous, turned, and ran. Officer Kirk chased appellant, caught him, handcuffed him, and brought him back to the police vehicle.

{¶5} According to the testimony of Officer Kirk, as he attempted to use his cell phone to call for assistance, appellant pulled one of his hands loose from the handcuffs and swung at the officer. Officer Kirk was able to handcuff appellant again, but the struggle continued. During the struggle, appellant hit the officer, attempted to grab the officer's gun, sprayed the officer with mace, and broke the officer's cell phone during the officer's attempt to call for backup.

---

[1] Count 1 included one- and three-year firearm specifications that were withdrawn prior to trial.

{¶6} Officer Kirk began yelling for someone to call 911. A neighbor from the area made the call. The neighbor testified that she saw the officer trying to hold the suspect on the ground and that the suspect kept fighting. She stated the officer was asking for help and asking the suspect to stop. Other bystanders arrived at the scene, and the two individuals who were with appellant on the tracks also returned. One of those individuals took an aggressive stance toward the officer, at which point the bystanders intervened. Eventually, the Cleveland police arrived.

{¶7} Officer Kirk testified that he is "a certified police officer under the State of Ohio, and * * * commissioned through the State of Ohio with the Norfolk Southern Railroad Police Department." He further testified to his training, qualifications, and duties as a law enforcement officer.

{¶8} Appellant testified that after being stopped by the officer for walking on the tracks, he ran and was caught. According to appellant, after he was taken back to the police vehicle, the officer pushed appellant to the ground, pinned appellant in a choke hold, and maced appellant and himself. Appellant denied reaching for the officer's weapon. Appellant's former girlfriend, who was one of the individuals with him on the tracks, testified that she observed the officer place appellant in a choke hold and that when the officer went to spray appellant with mace, he essentially sprayed himself.

{¶9} During trial, the trial court denied appellant's Crim.R. 29 motion for acquittal. The jury returned a verdict of guilty on all counts. The trial court imposed maximum consecutive sentences for the first four counts and a concurrent six-month sentence for resisting arrest, for a total prison term of 15 years. The court also revoked postrelease control imposed in Cuyahoga C.P. No. CR-468217 and sentenced appellant to an additional and consecutive two years for the violation.

**{¶10}** Appellant timely filed this appeal. He raises three assignments of error for our review.

**{¶11}** We shall address the first two assignments of error together. Under his first assignment of error, appellant challenges the trial court's denial of his Crim.R. 29 motion on Counts 1, 4, and 5 because he claims "there was no evidence that the alleged victim * * * was a 'law enforcement officer' as alleged in the indictment and as the term is defined in the [Ohio] Revised Code." Under his second assignment of error, appellant makes a similar argument that challenges the sufficiency of the evidence to establish that the officer was a "law enforcement officer" for his convictions on Counts 1, 4, and 5.

**{¶12}** An appellate court uses the same standard to review a denial of a Crim.R. 29 motion for acquittal as it does to review a sufficiency of the evidence claim. *State v. Turner*, 8th Dist. Cuyahoga No. 88373, 2007-Ohio-2776, ¶ 9-10; *see also State v. Carter*, 72 Ohio St.3d 545, 553, 1995-Ohio-104, 651 N.E.2d 965. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶13}** R.C. 2901.01(A)(11) defines a "law enforcement officer" in relevant part as follows:

> (b) An officer, agent, or employee of the state or any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, a duty to conserve the peace or to enforce all or certain laws is imposed and the authority to arrest violators is conferred, within the limits of that statutory duty and authority.

The testimony in this case established that Officer Kirk is "a certified police officer under the State of Ohio, and * * * commissioned through the State of Ohio with the Norfolk Southern

Railroad Police Department."  Pursuant to R.C. 4973.17(B), railroad police officers may be commissioned by the secretary of state "to act as police officers for and on the premise of the railroad company, its affiliates or subsidiaries, or elsewhere, when directly in the discharge of their duties."  These officers must successfully complete a training program approved by the Ohio peace officer training commission and be certified by the commission.  Railroad police officers commissioned under R.C. 4973.17(B) "shall severally possess and exercise the powers of, and be subject to the liabilities of, municipal policemen while discharging the duties for which they are appointed."  R.C. 4973.18.  Additionally, these officers have a statutory duty to "enforce and compel obedience" of lawful regulations promulgated by their employer. R.C. 4973.19.

{¶14} When determining whether officers commissioned under prior versions of the R.C. 4973.17 are law enforcement officers, the Ohio Supreme Court has found that "duly commissioned law enforcement officers who are hired and directed in their specific duties by a private [entity] are public officers deriving their authority from the sovereign[.]"  *Ayers v. Woodard*, 166 Ohio St. 138, 143, 140 N.E.2d 401 (1957).  Their acts are presumed to have been performed in their official capacity absent evidence to the contrary.  *Id*.; *see also New York, C. & St. L. R. Co. v. Fieback*, 87 Ohio St. 254, 265, 266, 100 N.E. 889 (1912) (recognizing a duly commissioned railroad police officer is presumed to act in conformity with his official duties).

{¶15} In *State v. Hughes*, 1st Dist. Hamilton No. C-070755, 2008-Ohio-3966, syllabus, the court found that "[a] police officer working for a conglomerate of hospitals on hospital grounds was a state actor when he was commissioned under R.C. 4973.17 and endowed with plenary police powers, including the power to arrest."  The court also found that the officer was

acting as a "de facto police officer" when he arrested the defendant for criminal trespassing. *Id.* at ¶ 19.

{¶16} In *State v. Bryant*, 9th Dist. Summit No. 17618, 1996 Ohio App. LEXIS 5819 (Dec. 26, 1996), the court found that a bank fraud investigator commissioned under R.C. 4973.17 was a "law enforcement officer" within the meaning of Crim.R. 41. The court recognized that "R.C. 4973.18 confers all the powers of a municipal police officer upon [the investigator] so long as these powers are exercised while she is discharging her duties as a bank fraud investigator." *Id*.

{¶17} Similar to the officers in *Hughes* and *Bryant*, Officer Kirk is a commissioned police officer pursuant to R.C. 4973.17 and was acting in his official capacity when he apprehended appellant in this case. We hold that he is a law enforcement officer within the meaning of R.C. 2901.01(A)(11).

{¶18} After viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Appellant's first and second assignments of error are overruled.

{¶19} Under his third assignment of error, appellant claims "the jury verdict finding him guilty as charged in [Count 2] of the indictment should be vacated because the evidence did not show that James Kirk was a peace officer as the term was defined for them."

{¶20} Count 2 of the indictment charged appellant with assault in violation of R.C. 2903.13(A) and included a furthermore specification that the victim was a peace officer.

{¶21} R.C. 2903.13(A) defines assault and states, "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." Assault is normally a misdemeanor of the first

degree; however, if the victim of the offense is a peace officer, the offense is elevated to a felony of the fourth degree. R.C. 2903.13(C)(1) and (5).

{¶22} The court's instruction to the jury on the meaning of the term "peace officer" was consistent with the definition set forth under R.C. 2935.01(B). However, a "railroad police officer" is not included within the definition. Further, although the legislature included a cross-reference to the other definition of a "peace officer" that appears in R.C. 109.71, it only did so with regard to "a state fire marshal law enforcement officer" that appears in R.C. 109.71(A)(23). The legislature could have, but omitted, any cross-reference to railroad police officers specified under R.C. 109.71(A)(2).

{¶23} The state concedes this assignment of error, but argues only that the further finding should be vacated. We agree. Accordingly, we vacate the further finding contained in Count 2 along with the sentence on that count. The case shall be remanded for resentencing only as to Count 2.

{¶24} Under his fourth assignment of error, appellant claims "[t]he trial court erred when it imposed an additional and consecutive two-year sentence for violation of post-release control in case No. 468217."

{¶25} The state concedes this assignment of error because postrelease control was improperly imposed in *State v. Farmer*, Cuyahoga C.P. No. CR-05-468217-A. The sentencing entry in that case failed to state anything relating to the consequences of violating postrelease control. Therefore, appellant is not subject to postrelease control for that case. *See State v. Rodriguez*, 8th Dist. Cuyahoga No. 101832, 2015-Ohio-1835; *State v. Elliott*, 8th Dist. Cuyahoga No. 100404, 2014-Ohio-2062.

**{¶26}** Because postrelease control was never properly imposed, appellant cannot be subject to having violated postrelease control. Therefore, the two-year sentence imposed for the violation of postrelease control is vacated.

## CONCLUSION

**{¶27}** We vacate the further finding contained in Count 2 along with the sentence on that count. Case remanded for resentencing on Count 2 only. The two-year sentence imposed for violating postrelease control in Cuyahoga C.P. No. CR-468217 is vacated. Conviction and sentence on all counts are otherwise affirmed.

**{¶28}** Judgment affirmed in part, reversed in part, and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
ANITA LASTER MAYS, J., CONCUR